In the Matter of FIRST NATIONAL BANK OF GLENS FALLS, as Temporary Administrator of the Estate of ADELA H. REOUX, Deceased, Appellant, against HARRY A. REOUX, Respondent.— Appeal by the administrator for the judgment creditor from an order of the Supreme Court, Warren County, which found the judgment debtor in contempt of court and fined him $250 plus costs and expenses. These proceedings supplementary to execution followed the entry of judgment on a counterclaim against the judgment debtor in an action brought by him against the judgment creditor. The judgment was in the sum of $99,306.54 (see 3 A D 2d 560, affd. 4 N Y 2d 1022). Supplementary proceedings were begun and the judgment debtor called to testify. He testified that after this court's decision he conveyed certain property to his wife and sold certain securities, and although he stated the proceeds were not in any bank in the United States, he refused to say what he had done with same. He admitted a trip to Canada but declined information concerning his actions there. It is for his refusal to answer questions pertaining to the whereabouts of this money that the judgment debtor was found in contempt. The court below in only imposing a fine of $250 stated that it had not been shown that even if the questions were answered the judgment could be satisfied and therefore a fine in the amount of the judgment was unwarranted. Under section 773 of the Judiciary Law when an actual loss is produced by the misconduct constituting the contempt a fine must be imposed which is sufficient to indemnify the aggrieved party. The judgment debtor admitted that a substantial portion of the $180,000 which he said had been his net worth in 1953 and of the $92,000 he received from the securities still remained. Further he specifically admitted knowing the whereabouts of $131,414.43 which he received from the sale of property to his wife and the sale of certain securities. He refused to state where this money

was. The court below held that since it reasonably appeared that the money had been taken outside of New York it was not shown that the refusal to answer prevented satisfaction of the judgment, since it could not be assumed that the money was where it could be levied on. The judgment debtor did not state that he had removed the money from New York and his refusal to state its whereabouts does not entitle him to such a favorable inference. Thus since the judgment debtor has secreted money sufficient to satisfy the judgment against him and there is no evidence as to the location of any leviable asset, his refusal to state the location of that money produced an actual loss to the appellant and fine in the amount of the judgment must therefore be imposed. Order modified, on the law and the facts, and a fine imposed upon respondent in the amount of this court's former judgment of $99,306.54 plus interest thereon and if the said fine is not paid to the appellant within five days after service of a copy of the order, the respondent is committed to and directed to be imprisoned in the common or county jail of the county in which he shall be found and there to remain charged with contempt until such time as he answers the questions pertaining to the whereabouts of his assets or pays the said fine. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur; Herlihy, J., taking no part.