■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Respondent, and ROBERTO BARRIOS, Appellant.—Judgment, Supreme Court, New York County, entered March 30, 1976, unanimously

modified, on the law, by reversing so much of the judgment as modified the arbitrator's award and ordered a rehearing on the issue of the attorneys' fees, and the award is confirmed. As so modified the judgment is affirmed. Respondent-appellant shall recover of petitioner-respondent $60 costs and disbursements of this appeal. Appellant (hereinafter Barrios), filed a no-fault claim with respondent (hereinafter Country-Wide), for payment of medical bills of $527.50. Country-Wide concluded the dental bill of $500 was excessive by $75 and Barrios, in accordance with subdivision 2 of section 675 of the Insurance Law, demanded the disputed bill be arbitrated. After a hearing, at which expert testimony was produced, the arbitrator found the reasonable and customary charge for the dental services rendered to be $475. This amount coupled with a hospital bill of $27.50, which concededly was reasonable, brought Barrios over the $500 medical threshold set forth in article XVIII of the Insurance Law. At issue is the propriety of the amount of the attorneys' fee the arbitrator awarded Barrios' counsel. 11 NYCRR 65.6 (g) (1) of the Regulations Implementing the Comprehensive Automobile Reparations Act, promulgated by the Superintendent of Insurance, provides that if a valid no-fault claim or portion thereof is overdue and not paid before counsel is retained, a condition the arbitrator found existed here, the claimant is entitled to recover attorneys' fees "based upon the reasonable value of the legal work performed in obtaining the recovery". Thus the criterion to be applied when awarding attorneys' fees in these matters is not solely the magnitude of the amount in dispute or the extent of the favorable result achieved. It also includes the actual work necessarily expended by counsel (see A Manual for New York No-Fault Arbitrators, p 14) a criterion Special Term failed to employ. Whether or not we agree with the amount the arbitrator awarded is of no moment for it cannot be said $1050 for 19½ hours of professional services, that included preparation for and conduct of a full hearing as a consequence of which the personal injury action monetary threshold was surpassed, is thoroughly unreasonable. As was observed in *Lentine v Fundaro* (29 NY 2d 382, 383): "Save for 'complete irrationality', arbitrators are free to fashion the applicable rules and determine the facts of a dispute before them without their award being subject to judicial revision." Inasmuch as there was a factual basis in the record for the arbitrator's determination court intervention was proscribed. If there is force to Country-Wide's claim that many no-fault arbitrations involve collection type cases wherein excessive attorneys' fees are awarded for routine work, relief should be secured from the Legislature. Concur—Kupferman, J. P., Silverman, Capozzoli, Nunez and Yesawich, JJ.