In the Matter of the Arbitration between IRVING E. SIMMONS, Appellant, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

Second Department, December 5, 1977

### APPEARANCES OF COUNSEL

*Fuhrer, Melamed, Cooperman & Israel (Mardon R. Israel* of counsel), for appellant.

*De Santis, Totura & Hargous (Dolores Gerber* of counsel), for respondent.

### OPINION OF THE COURT

O'CONNOR, J.

#### ISSUE

The question raised by this appeal is whether an arbitra-

tor's award of $2,149 in counsel fees is completely irrational when the attorney's energies were expended in successfully recovering a total claim of $105 on behalf of his client pursuant to the provisions of the Comprehensive Automobile Insurance Reparations Act (the no-fault law). We hold that despite the disparity between the counsel fee awarded and the underlying claim the arbitrator's award was a proper one. It was error to vacate the award and it should be reinstated.

FACTS

On September 27, 1974 Michael Thompson, insured by the respondent insurer (GEICO), was injured in an automobile accident. He received treatment from appellant Dr. Simmons, to whom he thereafter assigned his claim in the sum of $105. Proper proof of claim was filed on October 24, 1974, but GEICO, contrary to the clear mandate of subdivision 1 of section 675 of the Insurance Law, failed to act within the prescribed 30 days and the claim thereupon became "overdue". Persistent efforts to collect proved fruitless; on April 10, 1975 Simmons retained counsel, but to no avail. On June 10, 1975, pursuant to subdivision 2 of section 675 of the Insurance Law, arbitration was demanded and GEICO's subsequent request for a stay of arbitration was successfully opposed by appellant.

Then, and only then, GEICO paid the $105 claim, but made no offer of interest or attorney's fees, items clearly mandated by statute.

The arbitration hearing followed and resulted in an award to claimant including interest and a $2,149 counsel fee. The arbitrator found that the claim had been duly and properly forwarded to GEICO on October 24, 1974 and that claimant was "concededly" entitled to be paid. The award of counsel fees was predicated upon approximately 21 hours of work at the rate of $100 per hour. That rate was not contravened by GEICO at the hearing.

By order to show cause dated April 8, 1976 GEICO sought to vacate the arbitrator's award of attorney's fees, claiming that the amount awarded was unreasonable and punitive in view of the fact that the entire amount of the underlying claim was but $105. GEICO further challenged the actual time allot-

ments allegedly expended and argued that much of the work was merely clerical and should not be compensated at a $100 per hour rate. On appeal GEICO further argues that much of the time was expended toward supporting the claim for the attorney's fee rather than for the direct benefit of the claimant himself, and hence was not compensable time. In opposition, claimant argues that GEICO was solely and totally responsible for the expenditure of time when, in direct contravention of the statutory purpose and scheme of the no-fault law, i.e., the prompt payment of proper expenses incurred in an accident, it refused to promptly pay this timely claim. In addition, claimant maintains that it was not proper for Special Term to substitute its judgment for that of the arbitrator.

Special Term vacated the award, finding that it lacked a rational basis, considering the amount involved for the award of the $2,149 fee and hence that the award was improperly punitive in nature. The issue of what a "reasonable" fee would be was remanded for a new hearing before a new arbitrator.

We reverse the order of Special Term, on the law and the facts, with costs, and direct that the arbitrator's award be reinstated.

### THE STANDARD OF REVIEW

■■ The determinations of an arbitrator under the compulsory arbitration provision of the no-fault law are reviewable under the standards of CPLR 7511 (see *Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493). As stated in *Lentine v Fundaro* (29 NY2d 382, 383): "Save for 'complete irrationality', arbitrators are free to fashion the applicable rules and determine the facts of a dispute before them without their award being subject to judicial revision." When the challenged award is viewed within the context of the underlying purposes and aspirations of the no-fault law, its rationality becomes crystal clear.

### THE NO-FAULT LAW

In *Montgomery v Daniels* (38 NY2d 41, 51) the Court of Appeals, in upholding the constitutionality of the no-fault law, set forth the context in which it was passed, noting that, "it was concluded in all reports that the tort system was plagued by long delays in claim payment." The tort system, it was held

(p 51), "placed an inordinate strain on the State's court systems and judicial resources." The court noted that the no-fault law sought to cure these ills (p 55) "by * * * guaranteeing prompt and full compensation for economic losses up to $50,000 without the necessity of recourse to the courts, the Legislature acted * * * to eliminate much of the wasted expenditures of premium dollars on expenses extraneous to treatment of injury".

The court held that the no-fault law had as its purpose (pp 55-56): "to reduce the long delays in the payment of claims experienced under judicial procedures and to lessen the burden on our State courts and judicial resources" (see, also, *Musolino v American Consumer Ins. Co.,* 51 AD2d 1036).

■ The entire structure and scheme of the no-fault law is consistent with these avowed goals. An insurance company must pay a claim "within thirty days after the claimant supplies proof of the fact and amount of loss sustained." (Insurance Law, § 675, subd 1.) The failure to comply with this clear directive qualifies the unpaid benefit as "overdue" and, in turn, mandates interest on the now past due claim "at the rate of two percent per month" plus "his attorney's reasonable fee". The 2% per month is to be compounded (11 NYCRR 65.6 [f] [1]) and the interest penalty may not be included by the insurer in rate-making calculations (11 NYCRR 65.6 [f] [5]). The reasonable attorney's fee is based upon "the reasonable value of the legal work performed in obtaining the recovery" (11 NYCRR 65.6 [g] [1]) and such fees similarly may not be included in rate-making calculations (11 NYCRR 65.6 [g] [3]). Once an arbitrator's award is made, it need not be confirmed into judgment (11 NYCRR 65.7 [a] [23]).

### THE LAW

■■ The decision in *Jordan v Freeman* (40 AD2d 656) sets forth the relevant factors to be weighed in the determination of the value of legal services as "the nature and extent of the services, the actual time spent, the necessity therefor, the nature of the issues involved, the professional standing of counsel, and the results achieved." Although it is the exception rather than the rule to make an award of attorney's fees which exceeds the amount of the underlying claim, there are instances where the very nature of the underlying claim itself makes such an award not only reasonable but proper *(Matter of Country-Wide Ins. Co. [Barrios],* 54 AD2d 879, affd 43 NY2d

685; *Colon v Automatic Retailers Assn. Serv.,* 74 Misc 2d 478).
As noted in *Colon,* there are cases involving "transcending
principles" which completely warrant, as just and proper, the
payment of such fees. This is such a case.

Contrary to the entire thrust of the no-fault law, GEICO, in
effect, refused to make prompt payment of claimant's demand,
and the record is totally devoid of any facts in justification of
that arbitrary and unreasonable posture.

On the other hand, the record clearly indicates repeated
and fruitless efforts by claimant's attorney, by telephone and
by mail, to settle the matter amicably. Indeed, a demand for
arbitration was not made until seven months after the claim
should have been paid. GEICO, however, still seeking further
delay, sought to stay the arbitration, thereby necessitating
further expenditure by the claimant of time and effort. Fi-
nally, some 14 months after the claim should have been paid,
a full arbitration hearing was held, only to have the arbitra-
tor's award vacated by Special Term more than 2 years after
the claim was initially made. Now, more than 3 years after
the original presentation of the claim, the matter is before
this court on appeal. It is clear that the legislative plan for
the prompt payment of claims such as this has thus been
foiled and frustrated and the laudable intent of the no-fault
law to free our courts for more important tasks has, at least to
this extent, been aborted. Having contested the claim at every
turn, GEICO now contends that to be "reasonable" an attor-
ney's fees must be reasonably related to the amount of the
underlying claim. This argument is rejected out of hand.

The no-fault legislation was designed primarily to encourage
speedy payment of claims, regardless of fault, and to put an
end to litigation *(Musolino v American Consumer Ins. Co.,* 51
AD2d 1036, *supra).* The Legislature provided that where an
unpaid claim is overdue, as here, a claimant shall recover as
part of his award his attorney's reasonable fee (Insurance
Law, § 675, subd 1). It is clear that the Legislature intended
that an insurance company not be able to frustrate the
operation of the statute by throwing legal obstacles in the
path of recovery.

While the attorney's fee awarded by the arbitrator may
appear to be a penalty, we find it is rationally related to the
value of the legal services rendered. Such value, and not the
amount of the underlying claim, is the proper basis for the
fixation of the fee. The arbitrator appears to have made a

bona fide attempt to fix a reasonable fee based on the bills submitted for the services performed. Thus the award had a rational basis and should have been confirmed (see *Lentine v Fundaro,* 29 NY2d 382, *supra).*

We note that claimant's cross motion at Special Term sought, in part, a remand to the arbitrator for the purpose of holding an additional hearing to determine appropriate counsel fees on GEICO's motion to vacate the arbitrator's award. Such relief is apparently no longer sought.

GULOTTA, P. J., LATHAM, COHALAN and DAMIANI, JJ., concur.

Order of the Supreme Court, Nassau County, entered November 1, 1976, reversed, on the law and the facts, with $50 costs and disbursements, and motion to vacate the arbitrator's award denied.