■ STATE OF NEW YORK by LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent, v LINDA FEY, Doing Business as EMDEKO OF NEW YORK, et al., Defendants, and BENEFICIAL FINANCE CO., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 23, 1976 in Albany County, which denied a motion to quash a subpoena duces tecum. The subpoena was issued by plaintiff to appellant Beneficial Finance Company of New York (hereinafter Beneficial) seeking the production of all records of retail installment contracts assigned to Beneficial by Linda Fey doing business as Emdeko of New York (hereinafter Emdeko), John E. Snyder & Sons, Inc. (hereinafter Snyder) and Applentex, Inc. (hereinafter Applentex) in their possession. The subpoena states on its face that it was intended to secure testimony of Beneficial as to what it may know concerning an action commenced by the Attorney-General pursuant to subdivision 12 of section 63 of the Executive Law and article 22 of the General Business Law against Emdeko, Snyder and Applentex. The plaintiff's affidavit, in opposition to the motion to quash the subpoena, states that facts indicate that supervisory personnel at Beneficial had knowledge of the alleged fraudulent operation of Emdeko and may have supplied Emdeko with lists of preferred Beneficial customers. The affidavit further alleges that the contracts subpoenaed are necessary to aid the Attorney-General in deciding whether or not an action should be commenced against Beneficial and/or Eugene Roe, its manager, pursuant to subdivision 12 of section 63 of the Executive Law or section 349 of the General Business Law. The contracts are believed to be relevant to the inquiry concerning Beneficial and/or Eugene Roe's possible participation in the fraudulent marketing scheme of Emdeko. The plaintiff Attorney-General states he has no objection to counsel being present at the time such documents are delivered and examined. The statement of the purpose of the subpoena as it appears on the face thereof is at variance with the position taken by the Attorney-General in his affidavit submitted in opposition to the motion to quash. Subdivision 12 of section 63 of the Executive Law authorizes the Attorney-General to apply to the Supreme Court for an injunction to enjoin the conduct of fraudulent business activity. He is empowered in connection with any such proposed application to take proof and make a determination of the relevant facts and to issue subpoenas. The face of the process issued by the Attorney-General conclusively indicates that the subpoena was not issued in connection with a proposed application but in furtherance of an action that had been commenced against the defendants a considerable time before. A subpoena in such an instance is not authorized and the Attorney-General is relegated to his recourse under the discovery sections of the CPLR. Since all parties are on notice of the subpoena and were represented in the Supreme Court and, since the adequacy of the subpoena can be examined on this motion, the court will treat the matter as discovery pursuant to CPLR 3120 and the motion to quash as a motion for a protective order. Disclosure permits securing from a nonparty documents which are material in the prosecution of an action. The appellant Beneficial contends that the Attorney-General has failed to allege a factual basis for the information sought which supports a finding of relevancy. On the motion, Special Term had before it ample documentary evidence to pass on the materiality and relevancy of the subpoena. The test for issuance of a subpoena enunciated by the Court of Appeals in *Myerson v Lentini Bros. Moving & Stor. Co.* (33

NY2d 250) is more than met. The appellant Beneficial has otherwise failed to show sufficient legal reason to quash the subpoena. Order affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Mikoll, JJ., concur.