OPINION OF THE COURT
Lawrence E. Kahn, J.
This is a motion for an order pursuant to CPLR 3211 (subd [a], par 7) and subdivision 1 of section 675 of the Insurance Law, dismissing those portions of plaintiff’s complaint seeking attorneys’ fees on behalf of plaintiff, incurred in the prosecution of this action upon the grounds that said pleading fails to state a cause of action.
The action seeks a declaration that defendant has wrongfully failed to pay certain no-fault benefits allegedly due and owing to plaintiff pursuant to a policy of insurance issued by defendant resulting from an automobile accident which occurred on or about August 17,1979. The plaintiff’s complaint alleges that as a result of defendant’s failure to pay certain benefits, he has been required to engage the *208 services of an attorney to bring the instant action, thereby resulting in expenses for attorneys’ fees which he seeks to recover as a portion of his damages. Plaintiff originally retained Bruce L. Martin, Esq., to represent him in a personal injury action arising out of the same occurrence. As part of said representation, attorney Martin agreed to assist in the preparation and filing of plaintiff’s claim for no-fault benefits. The instant action was commenced by service of a summons and complaint on the Superintendent of Insurance as agent for defendant. Defendant then appeared by serving the present notice of motion. Allegedly because of the controversy raised over the question of attorneys’ fees, a new attorney was retained by plaintiff. For reasons hereinafter set forth, this court does not view the change of attorney as having any bearing on its decision in this case and has accorded no weight to said substitution.
The issue herein is whether attorneys’ fees are recoverable with respect to action taken to secure the payment of a valid overdue claim for no-fault benefits under the subdivision 1 of section 675 of the Insurance Law, when said attorney has represented plaintiff with respect thereto prior to the alleged failure to pay a valid claim. “A litigant has no inherent right to have his attorneys’ fees paid by his opponent and such fees are not recoverable as damages or costs, except as specifically provided by contract or statute” (Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], 65 AD2d 431, 433-434). Therefore, any authority for the award of attorneys’ fees in the present action must find their basis in the subdivision 1 of section 675 of the Insurance Law, which provides that: “If a valid claim or portion thereof was overdue and such claim was not paid before an attorney was retained with respect to the overdue claim, the claimant shall also be entitled to recover his attorney’s reasonable fee, which shall be subject to the limitations promulgated by the superintendent in regulations.”
Attorneys for defendant argue that the key phrase to be found in the above statutory language is “before an attorney was retained”. They submit that once an attorney has been retained to handle any aspect of the injured party’s claims, the statute precludes an award of attorneys’ fees. *209 This court does not agree. A careful reading of the statutory language establishes that the key phrase is that the claim must have been overdue before the attorney was retained with respect to the overdue claim. New York’s no-fault statute was enacted to “reduce the long delays in the payment of claims experienced under judicial procedures and to lessen the burden of our State courts and judicial resources” (Montgomery v Daniels, 38 NY2d 41, 55-56). Defendant’s interpretation of the above statutory language would frustrate the clear intent and mandate of these provisions. Such a strained construction would tend to force a contrived multitiered attorney-client arrangement with one attorney processing claims for no-fault, and others waiting in the bullpen to be called on to pitch if the claim becomes disputed! That would be the only way in which the attorney retained to process the overdue claim could circumvent the defendant’s contention that he be hired in the first instance, only after the disputed claim arose. The statute is unambiguous in its requirement for the payment of only those fees generated in the enforcement of the unpaid overdue claim. Defendant argues that once a person has retained an attorney to help obtain no-fault benefits (in most cases as an incidental service in connection with a personal injury action), there has been a waiver of the statutory protection of payment of attorneys’ fees even if the claim is wrongfully denied. This would condone an open season for disputing claims at will, and is contrary to the intent and direction of the statute.
Accordingly, the motion for an order pursuant to CPLR 3211 (subd [a], par 7) and subdivision 1 of section 675 of the Insurance Law, dismissing those portions of plaintiff’s complaint seeking attorneys’ fees on behalf of plaintiff, incurred in the prosecution of this action upon the grounds that the pleading fails to state a cause of action shall be denied, without costs.