OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an attempt to apply an unusual and, in this case, vexatious, remedy to a thoroughly mundane situation. It takes the form of an action to set aside a transfer of real property on the grounds that it was intended to defraud the plaintiff in the pursuit of his legal rights. The defendants move to dismiss on the grounds of failure to state a cause of action (CPLR 3211, subd [a], par 7). Plaintiff cross-moves for priority in deposition.
It seems that this is part of a war of attrition between the plaintiff and his ex-wife. She, her mother and her lawyer are the defendants. Accepting the complaint as true for the purposes of considering the motion to dismiss (Penato v George, 52 AD2d 939) the ex-wife and her mother owned the property as joint tenants with right of survivorship until September 19, 1977, when the property was transferred into the mother’s sole name. The transfer was without consideration. At the time, the marriage was breaking up and the plaintiff and his ex-wife were “in the process of separating”. Afterwards, the ex-wife was left insolvent, and made successful applications for attorney’s fees to the Supreme Court, Nassau County. This accounts for her attorney’s presence as a defendant in this action. Plaintiff seeks to have the transfer set aside as to him, vacatur of all judgments for attorney’s fees, appointment of a receiver of *620 the property for the purpose of paying any just attorney’s fees, and damages.
The form of this action is that of a proceeding to set aside a fraudulent conveyance under section 278 of the Debtor and Creditor Law. Such a proceeding presupposes a mature debt running from the transferor to the creditor at the time the action is commenced. (Where the complaint alleges actual intent to defraud, as this one does, it is not necessary that the debt be in existence at the time of the transfer. Debtor and Creditor Law, § 276.) Such a debt was not pleaded and does not appear to exist. At most there was an obligation on the part of the ex-wife not to give away her assets so as not to place an unfair support burden on the plaintiff. Her failure to live up to this obligation does not create a right in the plaintiff to have the transfer set aside, however.
This fact pattern is the converse of that in cases such as Bennett v Bennett (62 AD2d 1154) where the former spouse with a definite duty of support rendered himself insolvent through a fraudulent conveyance. There the spouse to whom support was owed was held to be a creditor and the remedies of the Debtor and Creditor Law were held to be applicable. Here the ex-wife owes the plaintiff no money at all: to the contrary, a court has held that the plaintiff owed certain moneys to her. In essence, the plaintiff seeks relief from that holding in this court. The court cannot and will not allow such relief.
The substance of this action, as distinct from its form, is that the wife stripped herself of her interest in the property in preparation for the divorce action, that the matrimonial forum failed to see through this, and that consequently attorney’s fees were awarded. An inference which may be drawn from the papers is that the court also awarded the ex-wife greater alimony and support payments than it might otherwise have done. If all these allegations are true, the matrimonial forum was the proper one in which to raise them, and if the court refused to accept them the Appellate Division was plaintiff’s proper avenue of recourse. The Debtor and Creditor Law does not function as a means for collateral attack on divorce judgments.
*621 Accordingly, the motion to dismiss is granted. The cross motion need not be addressed.
The defendant is awarded costs on this motion. In the court’s opinion, the vexatious nature of this action would justify the award of counsel fees as well, but in the absencé of specific contractual or statutory authority, such an award may not be made. (Matter of Fresh Meadows Med. Assoc. [Liberty Mut. Ins. Co.], 65 AD2d 431.) While the Debtor and Creditor Law provides that a successful creditor may be awarded attorney’s fees, there is no corresponding provision in favor of a successful defendant. (Debtor and Creditor Law, § 276-a.)
The court respectfully recommends consideration of this matter to the matrimonial forum, should any further applications be made to it.