■ EDMUND MORRIS, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. — In a proceeding, *inter alia,* to confirm a portion of

a no-fault arbitrator's award, the petitioner appeals (by permission) from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 19, 1980, which affirmed a judgment of the Civil Court of the City of New York, Queens County, dated January 8, 1979, which (1) denied the petitioner's application with respect to confirmation of an award of $350 to reimburse the petitioner for a witness fee, (2) granted respondent's cross application to vacate that portion of the arbitrator's award and (3) "denied" that portion of the arbitrator's award. Order and judgment reversed, on the law, with $50 costs and disbursements, petitioner's application to confirm the award of a witness fee in the sum of $350 is granted and the cross application is denied. The sole issue before us is whether an award of $350 by the arbitrator for a witness fee made to a petitioner bringing an arbitration proceeding on a claim for no-fault benefits by reason of the petitioner's injuries in an automobile accident should be sustained. CPLR 7513 permits the court to reduce or disallow any fee or expense (except attorneys' fees) which has been directed to be paid by an arbitrator and is found to be excessive, or the court may allocate it as justice requires. Section 675 of the Insurance Law provides that attorneys' fees may be recovered under no-fault, when the claim is overdue and unpaid and when an attorney was retained; it does not mention witnesses' fees. There is nothing contradictory between the provisions of the two statutes. Hence, it was within the power of the arbitrator to make the award. Both the Civil Court and the Appellate Term denied enforcement of the award of the witness fee, not because it was unreasonable or because either court exercised its discretion to disallow the fee, but on the ground that the arbitrator exceeded his power. We see no reason, and the respondent suggests none, for disturbing the exercise of the arbitrator's discretion. We note that inferentially, at least, this result is supported by *Matter of Country-Wide Ins. Co. (Barrios)* (54 AD2d 879, affd 43 NY2d 685). There, the arbitrator had awarded a witness fee of $200; the insurer, appealing to the Court of Appeals, raised in its brief the propriety of the award. The Court of Appeals, without expressly referring to the point, affirmed the award, saying that (p 686) "There is nothing in the record to warrant disturbing the award (cf. *Matter of Torano [MVAIC]*, 15 NY2d 882, affg 19 AD2d 356)". In any event, even assuming that the arbitrator erred in construing the statutes, that construction was not so irrational as to require a vacatur (see *Matter of Shand [Aetna Ins. Co.]*, 74 AD2d 442, 454; cf. *Matter of Garcia v Federal Ins. Co.*, 46 NY2d 1040, 1041-1042; *Matter of Furstenberg [Aetna Cas. & Sur. Co.]*, 49 NY2d 757, 758-759), especially in the light of the provisions of CPLR 7513. For these reasons, we reverse the order and modify the judgment so as to confirm the award of $350. Hopkins, J.P., Damiani and Rabin, JJ., concur.

Thompson, J., dissents and votes to affirm the order of the Appellate Term, with the following memorandum: This situation requires examination of the difficult line which must sometimes be drawn between deference to an arbitrator's award or to an administrative agency's expertise in interpreting the laws, rules and regulations under which it operates and the duty of the courts to make sure that neither an arbitrator nor an agency exceeds its powers under those laws, rules and regulations. In the instant case, the question is whether an arbitrator's award of expert witness fees in the amount of $350 in connection with an arbitration pursuant to section 675 of the Insuarance Law should be upheld. The gist of the majority's position must be that the arbitrator's award of an expert witness fee is not an unreasonable interpretation of the Insurance Law. The majority con-

cludes that there is no inconsistency between the Insurance Law (which specifically permits only attorney's fees) and the provisions of CPLR 7513 (which permits a court to reduce or disallow a fee awarded by an arbitrator). I cannot agree with the majority's incomplete analysis. I believe that section 675 permits an arbitrator to award attorney's fees, which are generally not recoverable in an ordinary action, but not other fees. CPLR 7513 does not authorize such an award. It does not enlarge an arbitrator's power. The fact that CPLR 7513 is not inconsistent with another statute, here the Insurance Law, does not enlarge the arbitrator's authority beyond that set forth in the Insurance Law. When an arbitrator attempts to award a fee not specifically provided for in an arbitration agreement or in the statute governing the arbitration, that attempt should not be permitted in deference to an arbitrator's discretion. An arbitrator's discretion cannot be permitted to amend a statute that sets forth specific areas of authority. The attempt to make such an award goes beyond the terms of the statute and thus crosses the line. The award of expert witness fees was made in excess of the arbitrator's power and thus falls squarely under CPLR 7511 (subd [b], par 1, cl [iii]). As such, this portion of the award should be vacated. *Matter of Country-Wide Ins. Co. (Barrios)* (NYLJ, Feb. 11, 1976, p 6, col 4, mod 54 AD2d 879, affd 43 NY2d 685) does not require a different result. There Special Term permitted an award of witness fees to stand. The primary issue before that court, however, was the amount awarded for attorney's fees. The question of the attorney's fees was the only question specifically addressed by the appellate courts.