■ INTERNATIONAL MODULAR HOUSING, INC., Appellant, v ATLANTA SHIPPING CORPORATION, Respondent, et al., Defendants. — Order, Supreme Court, New York County (Bookson, J.), entered December 22, 1980, which denied the plaintiff's motion to strike the answer of the defendant-respondent Atlanta Shipping Corporation and to grant judgment in favor of the plaintiff, unanimously modified, on the law and the facts and in the exercise of discretion, with costs to the plaintiff, to the extent of granting plaintiff's motion to strike defendant's answer unless the defendant, by its president, appears for examination before trial at Special Term, Part II, at a date to be set by the plaintiff's counsel on at least 10-days notice, which date shall be more than 20 days after the release of the order herein. In 1976, the plaintiff and this defendant entered into a contract for freight shipments whereby the defendant would transport mobile homes from ports in the United States to Saudi Arabia. Atlanta is a Liberian entity with undisclosed principals. A Swiss lawyer holds all the shares in a fiduciary capacity and acts as president and a member of Atlanta's board of directors. When a dispute arose as to payment for the freight during the performance of the shipping contract, plaintiff alleges that it was

told that delivery would be stopped. As a result, a credit agreement was entered into which extended the time for payment of the freight and gave Atlanta a security interest in the mobile homes. After delivery, plaintiff brought this action to void the agreement, claiming it was entered into under duress. In 1977, it obtained a restraining order and a preliminary injunction, which is still in effect, barring enforcement of the agreement. Since that time, the plaintiff has attempted to depose Atlanta through an officer with knowledge of the situation, although a number of people have been submitted for deposition by defendant Atlanta, including its president. However, plaintiff has been unable to obtain the information as to who made policy for Atlanta and other details concerning the background of the agreement under attack. Among other things, the Swiss attorney, although president of the corporation, invokes the attorney-client privilege. Although the defendant points out that by virtue of the injunction it has not been able to enforce the agreement or to obtain the payments which it claims to be due it, the plaintiff has not been able to proceed because of the failure of pretrial disclosure. With this pattern of delay, it is necessary to enforce the requirements under the CPLR for the parties properly to be deposed. The court at Special Term suggested the appointment of a private referee to supervise disclosure. However, supervision by the Justice presiding at Special Term, Part II, would be preferable, and the president of the defendant Atlanta should be directed to answer all questions relevant to the proceedings. The defendant need not initially disclose the names of its principals. If any dispute arises as to the questions asked, they should be submitted immediately to the Justice presiding at Special Term, Part II. If the examination discloses that the plaintiff will require the names of defendant's principals, it should be granted leave to make such a motion at Special Term, Part I. The president of the defendant corporation cannot cloak the facts to be revealed by the attorney-client privilege. (*Matter of Priest v Hennessy,* 51 NY2d 62.) Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.