■ CITIBANK, N. A., Appellant, v ANTHONY LINCOLN-MERCURY, INC., Respondent. ANTHONY ASSALONE, Respondent. CITIBANK, N. A., Appellant, v ANTHONY AMC-JEEP, INC., Respondent. ANTHONY ASSALONE, Respondent. — Orders of the Supreme Court, New York County (Bookson, J.) entered August 13, 1981, granting plaintiff-appellant's motion to hold in contempt the defendant-respondent corporations and denying plaintiff's motion to hold in contempt the president and sole stockholder of the said corporate defendants, unanimously reversed, on the law and the facts, with costs, to the extent of granting plaintiff's motion to hold in contempt the individually named respondent, and otherwise affirmed. Plaintiff, Citibank, N. A., commenced this action to recover possession of nine automobiles held by the defendants in which Citibank had a security interest. On October 3, 1980, a temporary restraining order was issued, pursuant to CPLR 7102 (subd [d], par 2), along with an order to show cause, returnable October 8, 1980. When the order was served, on October 6, 1980, eight of the nine automobiles were in the defendants' possession. The order restrained the corporate defendants, their servants, employees, agents, representatives and other persons acting in concert with them from "transferring, selling, pledging, assigning, removing or otherwise disposing of" the automobiles subject to the plaintiff's security interest. On October 8, 1980, the return date, the corporate defendants submitted affidavits, sworn to by Anthony Assalone as president and sole stockholder,

stating that five of the automobiles were no longer in the defendants' possession. Citibank, thereupon, brought on motions to punish defendants and their president, Anthony Assalone, for contempt. Special Term referred the matter to a referee (Diamond) and after a hearing, a conclusion was reached that Assalone had possession of the automobiles and that there had been a willful disobedience of the order by both the corporate defendants and Anthony Assalone. Citibank's motion to confirm the referee's report was granted, holding the corporate defendants in contempt, but the provision pertaining to Assalone individually was deleted. It seems clear that Special Term should have included Assalone in the contempt order inasmuch as he had been personally served and participated in the willful disobedience of the order. Assalone may not use his position as sole stockholder and president of the defendant corporations to shield himself from contempt proceedings when disobeying court orders. (Cf. *International Modular Housing v Atlanta Shipping Corp.*, 86 AD2d 502.) The court had the power to punish Assalone for contempt, regardless of whether he was a party to the underlying action or not, as long as he had been personally served and had knowledge of the terms of the restraining order. (*People ex rel. Stearns v Marr*, 181 NY 463, 468; cf. *Long Is. Trust Co. v Rosenberg*, 82 AD2d 591.) Concur — Kupferman, J. P., Sandler, Markewich, Lupiano and Fein, JJ.