■ LILA FRANKEL, Respondent, v LEONARD FRANKEL, Defendant, and BERNARD A. FRANKEL et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Klein, J.), entered February 1, 1982 in Sullivan County, which required that nonparty witnesses be examined concerning any aspect of the financial affairs of defendant in whatever manner they have acquired this information for the period from 1973 to the time depositions are held. Since 1975, plaintiff has been attempting to enforce an order directing defendant to pay her $75 per week support. Defendant claims that since November, 1975 he has been unemployed and living on an allowance of $5 per week from his parents, and he has ignored the support order despite the fact that several judgments and contempt orders have been entered against him. In order for plaintiff to ascertain defendant's earnings, on March 12, 1977, Special Term issued an order directing defendant's parents and two of their corporations (appellants) to appear for examination concerning their knowledge of defendant's financial affairs. Appellants avoided appearing until October 21, 1981, and even then the examination was halted by a dispute over the scope of the order. A further order of Special Term, dated January 26, 1982, directed that discovery against appellants could include questions concerning their knowledge of defendant's financial affairs, including his dealings with all corporations, trusts, partnerships, sole proprietorships, and other entities in which appellants do business or are affiliated, and that it could cover from 1973 to the date on which depositions are held. Appellants have appealed. Appellants contend that discovery should be limited to 1973-1978, the period of the parties' marriage, and to information concerning the relationship between

defendant and the two corporate entities named. However, all matter relevant to satisfaction of a judgment is discoverable (*Siemens & Halske, Gmbh. v Gres,* 77 Misc 2d 745, affd 43 AD2d 1021). Moreover, CPLR 3101 (subd [a]) and 3120 (subd [b]) "unmistakably permit disclosure from nonparty witnesses" where the court has determined that "adequate special circumstances" exist (*Post v Merrill Lynch, Pierce, Fenner & Smith,* 79 AD2d 558). Special Term correctly found that such special circumstances exist in the instant case since appellants have used their corporate network to prevent plaintiff from discovering defendant's true financial situation. The purpose of the January 26, 1982 order was to obtain from appellants any knowledge they have concerning defendant's financial affairs "in whatever manner thay have acquired said information". Such information in the possession of appellants clearly is relevant here since it would be material to the prosecution of plaintiff's action (*State of New York v Fey,* 60 AD2d 677). Furthermore, since defendant is under a continuing order of support, his present financial situation certainly is relevant here. Therefore, discovery against appellants should not be limited to the years of the parties' marriage, but properly should cover up to the date on which depositions are held. For the foregoing reasons, the order of discovery was proper and should be affirmed. Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.