■ LILA FRANKEL, Respondent, v LEONARD FRANKEL, Defendant. BERNARD A. FRANKEL et al., Nonparty Witnesses-Appellants. — Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court at Special Term (Bradley, J.), entered February 29, 1984 in Sullivan County, which found nonparty witnesses guilty of contempt and fined them for their misconduct.

In this suit to collect support arrears, plaintiff moved for an order adjudging Bernard and Lillian Frankel in contempt of court for failing to provide plaintiff with information required to be furnished pursuant to court orders and subpoenas served on them and on various corporations under their control. Special Term found that, by their conduct, the Frankels sought to defeat, impede and impair plaintiff's rights with respect to the enforcement of unsatisfied support arrears judgments obtained by plaintiff against defendant, the Frankels' son, and fined them $48,383.48, being the amount of those judgments, plus interest. Special Term's order provided further that should the Frankels fail to pay the fine and disclose the information within seven days, an order directing issuance of a warrant committing them to the custody of the appropriate Sheriff would issue. They appeal.

The record amply establishes civil contempt on the Frankels' part, not only for their own noncompliance, but also because of the failure of the several corporations to comply, the Frankels being the controlling shareholders and highest officers of those corporations (*see, Citibank v Anthony Lincoln-Mercury,* 86 AD2d 828; *Schreiber v Garden,* 152 App Div 817, 819). As a consequence, the only issue to be addressed is the appropriateness of the punishment. Regarding this issue, we are of the view that Special Term acted prudently when it declared that the Frankels' nonconformance with the contempt order would be punishable by arrest, a hearing and then imprisonment. Judiciary Law § 774 (1) expressly provides that "[w]here the misconduct proved consists of an omission to perform an act or duty, which is yet in

the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed". Here, information regarding the Frankels' business relationship with their son is theirs to command; significantly, they have at no time claimed otherwise. Compliance with that portion of Special Term's order which demands disclosure on threat of imprisonment was thus a proper exercise of the court's discretion (*see, Matter of First Natl. Bank v Reoux,* 9 AD2d 1005, 1006).

The record does not, however, justify imposition of a fine equal to all of plaintiff's outstanding judgments against defendant. While the Frankels' conduct appears calculated to forestall plaintiff's recovery (*cf. Frankel v Frankel,* 89 AD2d 654, 655), plaintiff has not shown that their conduct has in fact caused her any actual loss or injury (Judiciary Law § 773; *see, State of New York v Unique Ideas,* 44 NY2d 345, 350). Civil contempt fines are aimed, not at deterrence, but at compensating or indemnifying the complainant. On this record, plaintiff's loss, if any, by reason of the Frankels' misconduct is conjectural. Without more, it is sheer speculation to assume that defendant can, in fact, satisfy the outstanding judgments or that plaintiff, were she privy to the information the Frankels have, could collect on them. For this reason, we remit the matter for a redetermination of the amount of the fine (*see, Quantum Heating Servs. v Austern,* 100 AD2d 843, 844). This disposition does not, of course, relieve the Frankels of their obligation to disclose.

Order modified, on the law, without costs, by reversing so much thereof as fined Bernard A. Frankel and Lillian Frankel $48,383.48; matter remitted to Special Term for a hearing to determine the appropriate fine; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.