Kozel v Kozel (2018 NY Slip Op 03907)





Kozel v Kozel


2018 NY Slip Op 03907


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


350045/15 6731N 6730

[*1] Ashley Kozel, Plaintiff-Respondent,
v
Todd Kozel, Defendant. Inga Kozel, Nonparty Appellant.


Cinque & Cinque, P.C., New York (James P. Cinque of counsel), for appellant.
Miester Seelig Fein LLP, New York (Kevin Fritz of counsel), for respondent.



Order, Supreme Court, New York County (Lucy Billings, J.), entered October 13, 2016, which granted plaintiff's motion to hold nonparty witness Inga Kozel in further contempt of an order, same court and Justice, dated April 22, 2016, and imposed a criminal contempt fine of $1,000 per day for her continued noncompliance commencing October 5, 2016, and holding her in contempt of plaintiff's subpoena, dated April 28, 2016, and order, same court and Justice, entered July 6, 2016, which imposed a civil contempt fine of $250 per day commencing October 5, 2016, unanimously modified, on the law, to the extent of vacating the daily criminal contempt fine of $1,000, imposing instead a one-time criminal contempt fine of $1,000, made payable to the County Treasurer, and otherwise affirmed, without costs.
Contrary to the contention of the nonparty witness (Inga), she was properly served via email with plaintiff's order to show cause. While a criminal contempt proceeding requires personal service on the contemnor (see Matter of Grand Jury Subpoena Duces Tecum, 144 AD2d 252, 255-256 [1st Dept 1988]), CPLR 308(5) permits a court to direct another manner of service if the methods set forth in the statute prove impracticable. Here, Inga left the jurisdiction after the same court and Justice found her in contempt, and offers no evidence that she was at either her residence in London or Lithuania. Under these circumstances, the court properly directed that she be served via email (see Alfred E. Mann Living Trust v ETIRC Aviation S.A.R.L., 78 AD3d 137, 141-142 [1st Dept 2010]). Since Inga was properly served with the contempt motion, and had knowledge of the terms of the subject orders of which she was in violation, the court was empowered to find her in contempt without plaintiff commencing a special proceeding (see Citibank v Anthony Lincoln-Mercury, 86 AD2d 828, 829 [1st Dept 1982]).
While the court properly found Inga in contempt, it erred in imposing a daily criminal contempt fine of $1,000 (see Judiciary Law § 751). Further, the order fails to set forth the payee of such fine. Accordingly, we modify to impose a one-time criminal contempt fine of $1,000, and to direct that these payments are made payable to the County Treasurer (see Judiciary Law § 791).
We have considered the parties' remaining contentions and find them either unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK