■ CLYDE F. KAUFMANN, JR., Respondent, v THEODORE LEVY et al., Individually and Doing Business as POHS, LEVY & Co., Appellants.—In an action, inter alia, for the return of moneys constituting partial payment for an equity interest in the defendant partnership, defendants appeal from an order of the Supreme Court, Nassau County, dated November 12, 1975, which (1) denied their motion to compel arbitration of the claim which is the subject matter of the action and (2) conditionally granted plaintiff's cross motion for a preliminary injunction. Order affirmed, with $50 costs and disbursements. Pursuant to the terms of the document referred to as "Amendment No. 4", plaintiff's status as a partner never became finalized. Therefore, plaintiff was not bound by the American Stock Exchange arbitration requirements because his allied membership in the Exchange was subject to his status as a partner of a member firm. Under the circumstances of this case, Special Term did not abuse its discretion in granting plaintiff's cross motion for preliminary injunctive relief. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ NIKOLAUS LYRITZIS, Appellant, v VERENA LYRITZIS, Respondent.—In a matrimonial action in which the plaintiff husband was awarded a judgment of divorce, he appeals from an order of the Supreme Court, Nassau County, dated November 4, 1976, which, after a hearing, inter alia, (1) awarded defendant sole and exclusive custody of the child of the marriage, (2) fixed his visitation rights, (3) required him to post a performance bond and (4) directed him to pay defendant's attorney's fees and disbursements. Order modified, on the facts, by deleting therefrom the provision requiring the posting of a performance bond. As so modified, order affirmed, with costs to respondent. Both parties to this struggle for custody of their six-year-old son agree that the prior arrangement of joint custody, four days a week to plaintiff and three days a week to defendant, must be modified for the good of the child. The experts who testified at the hearing agree. Both parents are fit for the role of exclusive custodian, but a choice, however painful for the parents and difficult for the court, must be made for the best interest of the child (see Finlay v Finlay, 240 NY 429). A review of the voluminous record on appeal indicates that Special Term exercised sound discretion in awarding sole and exclusive custody of the now school-age son to defendant, with liberal visitation rights to plaintiff. The requirement imposed on plaintiff that he post a performance bond as a condition precedent to the removal of his son from the United States during periods of visitation and summer vacation was not warranted. The award of counsel fees and disbursements was appropriate and did not constitute an abuse of discretion. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.