■ DEBORAH A. MARKUS, Respondent-Appellant, v MENACHEM MARKUS, Appellant-Respondent.—Order and judgment (one paper), Supreme Court, New York County, entered April 21, 1978, insofar as it failed to provide for respondent-appellant's visitation in his home in Israel, and order of the same court and Justice, entered March 17, 1978, denying without a hearing respondent-appellant's motion to vacate that portion of an order and judgment of Gomez, J., entered November 22, 1976, which enjoined him from removing the children from the State, reversed, on the law and the facts, to the extent appealed from as to those portions which denied a hearing, and remanded to Gomez, J., for a hearing on the issue and situs of visitation rights in the light of the claim of changed circumstances, without costs or disbursements. The cross appeal from the order and judgment entered April 21, 1978 is dismissed as abandoned, without costs or disbursements. The respondent-appellant (appellant) is an Israeli citizen; the petitioner-respondent (respondent) an American citizen. They were married and lived in Israel until January, 1976 when their relationship collapsed and the respondent moved to New York City with their two children. Appellant commenced a custody proceeding in Israel that eventually awarded custody to him, but respondent was never served in that proceeding nor did she appear. Respondent commenced a custody proceeding here in which appellant appeared and conceded jurisdiction. After a full hearing, a judgment of Justice Gomez, entered November 22, 1976, granted custody to respondent and enjoined appellant from removing the children from New York State. On appeal this court modified "to the extent of remanding the matter to Special Term for the fixation of appropriate visitation rights" and otherwise affirmed (59 AD2d 848), the modification having the effect of a concession to appellant that he was entitled to visitation rights but the affirmance having the effect of containing those rights within this State. The remand was not heard by Justice Gomez but by Justice Blyn whose opinion held that appellant was precluded by this court's decision from arguing for visitation rights in Israel and that he was thus not entitled to a hearing. The opinion was dated March 7, 1978 but the judgment and order thereon were not entered until April 21, 1978. They provided specific visitation in New York. Appellant then moved to vacate the judgment of Justice Gomez of November 22, 1976 that restricted visitation to New York, specifying a change of circumstances including his willingness to waive any benefits under the Israeli award of custody to him. This, too, came before Justice Blyn who denied the motion by order entered March 17, 1978, without a hearing because he felt that appellant was raising the same points ruled upon by the judgment of November 22, 1976 and affirmed by this court. Conceding that the remand of this court to set visitation rights for the appellant did not specify that it be heard by Justice Gomez who had held the extensive hearing that led to the judgment of November 22, 1976, the motion seeking a vacatur of that judgment should have been referred to him (CPLR 2221; *Kamp v Kamp,* 59 NY 212; *Public Serv. Mut. Ins. Co. v McGrath,* 56 AD2d 812; *Buffalo Downtown Garage v Winfield Assoc.,* 42 AD2d 820). While appellant cannot go behind the restriction on visitation imposed by the judgment of November 22, 1976 and affirmed by this court, he has made a sufficient showing of change of circumstances to warrant a hearing whether the best interests of the children are served by a continuation of the restriction *(Fernandez v Fernandez,* 282 App Div 1043). Concur—Evans, Markewich, Lynch and Sandler, JJ.

Kupferman, J. P., dissents in part in a memorandum, as follows: I dissent

only from that portion of the determination which suggests that the matter should have been heard by Mr. Justice Gomez rather than by Mr. Justice Blyn. CPLR 2221 provides an exception from reference to the Judge who signed the order if "he is for *any* reason unable to hear" (emphasis added). Judge Blyn being the Judge who presides in Part VB having to do with matrimonial matters (with Judge Gomez otherwise engaged in the trial of criminal matters), it was logical that the matter should have come before him.