■    DEBORAH A. MARKUS, Appellant, v MENACHEM E. MARKUS, Respondent.—Order, Supreme Court, New York County, entered on June 26, 1979, *inter alia,* granting the respondent-respondent the right to have his children visit him in Israel, requiring the respondent to conform the Israeli award of child custody to the order of Special Term and requiring the petitioner-appellant to bear the cost of transatlantic air travel for herself and the children, unanimously modified, on the law, and on the facts and in the exercise of discretion, to the extent of (a) providing appellant with the option, but not the obligation, of accompanying the children to Israel with the cost to be borne by appellant, which cost is calculated as the difference between the cost of air transportation as if the children were traveling unaccompanied by their mother and the cost as if the children were traveling with appellant; (b) requiring the respondent to bear the cost of transporting the children to and from Israel, and travel within Israel, as if the children were traveling alone; (c) conditioning the above two provisions upon the respondent petitioning the Israeli court and obtaining an amendment of its award of custody to conform to the New York decree; (d) further conditioning the above on respondent stipulating that any request for a change in custody will be commenced and determined in New York courts, and, as so modified, otherwise affirmed, without costs and without disbursements. This is the third time these parties are before us appealing a determination made at Special Term. The petitioner-appellant (mother), an American citizen, married the respondent-respondent (husband), an Israeli citizen, in that country in 1969. There are two infant issue of this union, a son now age seven, and a daughter now age five. This marriage lasted less than seven years. In 1976, the mother departed Israel with their children to rejoin her parents in New York City. The father commenced a custody proceeding in Israel which awarded custody to him in September, 1976, but the mother was never served in that proceeding; nor did she appear. However, she did commence a custody proceeding here in which the father appeared and conceded jurisdiction. After a hearing, an order was entered in November, 1976, granting custody to the mother and enjoining the father from removing the children from this State. On the first appeal to this court we modified "to the extent of remanding the matter to Special Term for the fixation of appropriate visitation rights" and otherwise affirmed (59 AD2d 848). In effect, we determined that the father was entitled to visitation but only in this jurisdiction. On remand, Special Term determined that the father was barred from arguing for visitation rights in Israel in light of this court's order and was, therefore, not entitled to a hearing. The judgment provided for visitation solely in New York. On the second appeal, this court reversed "to the extent appealed from as to those portions which denied a hearing, and remanded to Gomez, J., for a hearing on the issue and situs of visitation rights in the light of the claim of changed circumstances" (66 AD2d 699). After a full hearing Special Term held that a sufficient change of circumstances existed to grant visitation rights to the father in Israel for a two-week period during the summer months. The court also continued visitation rights in New York and, *inter alia,* required the mother to bear all air transportation costs. In this court, appellant, as limited by her brief, challenges the propriety of the right of visitation in Israel and the mandate that she pay all the costs of air travel. The mother remains fearful that once the children are in Israel the father will assert his rights under the Israeli award of custody. However, the respondent has asserted that he will apply to the Israeli court to amend its decree of custody to conform to the New York decree and will comply with any reasonable conditions of the

New York decree to ensure the safe return of the children. Any analysis of the problem before us is based on determining the best interests of the children *(Finlay v Finlay,* 240 NY 429). Courts of this State have previously granted visitation rights in a foreign country to a parent who was not awarded custody of the children on condition that the parent post security *(Matter of Grassi v Grassi,* 40 AD2d 546) and even where no conditions were imposed *(Lyritzis v Lyritzis,* 55 AD2d 946). We are convinced that the limited visitation in Israel is in the best interests of the children. The preconditions imposed will safeguard the children and alleviate any lingering apprehension. To provide otherwise would deprive the father of any meaningful access to the children where no impediment exists to the exercise of this right. Concur—Sullivan, J. P., Ross, Silverman and Carro, JJ.