■ CASSANDRA LOLLI-GHETTI, Appellant-Respondent, v ALBERTO LOLLI-GHETTI, Respondent-Appellant.—Order, Supreme Court, New York County (C. Beauchamp Ciparick, J.), entered on or about February 20, 1990, which determined the permanent visitation schedule between the defendant, a permanent resident of Monaco, and the children of the parties, is unanimously modified, on the law and the facts and in the exercise of discretion, to strike that part of the order which required defendant to post an undertaking of $1,000,000 before any overseas visitation, and otherwise affirmed, without costs or disbursements.

In 1984, defendant returned to Monaco, his country of permanent residence, where he works for his father's company. He has remarried and has a child of this marriage.

After an extensive hearing in which the IAS court conducted in camera interviews with the children, considered

reports of three court-appointed psychiatrists and heard testimony of the parties and others, the court ordered a permanent visitation schedule based upon the children's best interests *(Finlay v Finlay,* 240 NY 429; *Weiss v Weiss,* 52 NY2d 170).* The court was well aware that plaintiff's major concern was that her children would not be returned to her promptly or that defendant might abduct them. However, based on the evidence and the history of the parties' relationship with their children, the IAS court determined that the best interests of the children would be served by protecting their rights to visit with their father. Throughout this litigation, defendant has enjoyed visitation with his two older children without any problems. Indeed, the two older children twice visited defendant in Monaco, after defendant posted his shares of the marital cooperative apartment as security, and were returned to plaintiff without any problems. The IAS court concluded that plaintiff's fear that her children will be kidnapped by their father was unfounded. Indeed, not only do defendant's past actions controvert plaintiff's fear, defendant has also secured a Monaco court order which directs that he abide by the decisions of the New York courts with regard to visitation.

Based on all the evidence, the IAS court granted overseas visitation on alternate Christmas and spring vacations and in July and August of each summer, upon the filing of a $1 million undertaking by defendant. The court also granted domestic unsupervised visitation.

The IAS court's determination, made after a lengthy trial and hearing, was proper. Indeed, the psychiatrists' reports recommended overseas visitation on a frequent basis. As the children have a dual heritage, they have a right to grow up knowing their father in his own cultural environment. Indeed, the best interests of the children are served by such overseas visitation *(see, Markus v Markus,* 75 AD2d 747, *lv denied* 51 NY2d 705).*

While plaintiff claims that the visitation order is excessive, the father and his children have a natural right to enjoy each other's company on a regular basis, and the instant visitation schedule assures that the noncustodial parent has adequate time with his children.

Accordingly, we find that the visitation ordered by the IAS court was proper. However, the requirement that defendant post a $1 million undertaking was an abuse of discretion since there is nothing in the record to indicate that defendant will abduct or kidnap his children *(see, e.g., Markus v Markus, supra).* Indeed, the $1 million undertaking imposes undue

burdens upon defendant in the exercise of his visitation rights with his children in his home country and we, therefore, vacate that aspect of the order. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.