■ KARIN J. LESNICK, Appellant, v GARY P. LESNICK, Respondent.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: The court properly dismissed plaintiff's cause of action for divorce based on cruel and inhuman treatment *(see, Brady v Brady,* 64 NY2d 339; *Stagliano v Stagliano,* 132 AD2d 975). However, although the court properly found that plaintiff knowingly violated a previous order restraining both parties from transferring or disposing of any property in the marital estate, the court erred in ordering her to transfer the remaining money to defendant's attorney, to be held in escrow pending the ultimate outcome of any further matrimonial proceeding. There is no pending matrimonial action, and, because defendant failed to show actual damages or pecuniary loss *(see, Rechberger v Rechberger,* 139 AD2d 906; *Frankel v Frankel,* 111 AD2d 447, 448), the fine imposed must be limited to $250, plus costs and attorney's fees incurred in seeking the contempt order (Judiciary Law § 773).

We further find that plaintiff is not entitled to an award of attorney's fees. Although the denial of attorney's fees is not an authorized sanction for contempt (Judiciary Law § 773), and thus that portion of the judgment must be deleted, we find nonetheless that plaintiff was not entitled to attorney's fees. She has not appealed from the court's award of attorney's fees to defendant, other than to make the unsubstantiated argument that the court erroneously awarded attorney's fees to defendant as a sanction for plaintiff's contempt, and clearly both parties cannot be awarded attorney's fees against each other. Furthermore, plaintiff's misconduct is an appropriate factor to consider in determining whether to award attorney's fees *(see, Simons v Simons,* 139 AD2d 959, 961; *Davis v Davis,* 128 AD2d 470, 479-480). (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—divorce.) Present —Boomer, J. P., Green, Pine, Balio and Davis, JJ.