In the Matter of DENNIS W., Appellant, v ALICE W., Respondent

Under the circumstances, we find that the Family Court properly directed the petitioner father to establish an escrow account in the amount of $15,000 to ensure the prompt return of the children to their mother at the end of each visitation period. The father had previously absconded from the jurisdiction and out of the country with the youngest child for a period of several months without the knowledge or permission of the mother. The mother's fear of repetition of such an incident is well grounded, and the establishment of an escrow account as a condition precedent to visitation is warranted *(see, Matter of Berlin v Berlin,* 21 NY2d 371, 378, *remittitur amended* 21 NY2d 970, *cert denied* 393 US 840; *Lolli-Ghetti v Lolli-Ghetti,* 162 AD2d 198; *Schoonheim v Schoonheim,* 92 AD2d 474; *Meltzer v Meltzer,* 54 AD2d 633; *Matter of Grassi v Grassi,* 40 AD2d 546; *Matter of Reinhart v Reinhart,* 33 Misc 2d 80, 82).

However, we are in agreement that the forfeiture provision is unduly harsh and is an improvident exercise of discretion *(see, e.g., Schoonheim v Schoonheim, supra).* The purpose of posting a bond or establishing an escrow account is to furnish security for performance by the party establishing the escrow account of the conditions set forth in the order establishing visitation *(see, Schoonheim v Schoonheim, supra).* If there is a violation of the conditions, the court should, at that time, determine the appropriate sanction and what sum, if any,

should be paid from the escrow account as a penalty for the violation. Therefore, we modify the order accordingly.

We have considered the appellant's remaining contention and find it to be without merit. Eiber, J. P., Rosenblatt, O'Brien and Ritter, JJ., concur.