█ MICHELINE CHARPIé, Appellant-Respondent, v PIERRE A.L. CHARPIé, Respondent-Appellant, et al., Defendant. MICHELINE CHARPIé, Appellant, v PIERRE A.L. CHARPIé, Respondent. MICHELINE CHARPIé, Respondent, v PIERRE A.L. CHARPIé, Appellant. [752 NYS2d 291] —Orders, Supreme Court, New York County (Laura Drager, J.), entered December 5, 2001 and January 25, 2002, which, inter alia, directed plaintiff to return to defendant a previously awarded $10,000 expert's fee and denied plaintiff additional pendente lite attorneys' fees; and orders, same court and Justice, entered June 19 and 21, 2002, which, inter alia, denied defendant's motion to allow the children to reside in Switzerland for one year, directed defendant to pay additional pendente lite attorneys' fees of $150,000, and directed defendant to deposit $100,000 in escrow as a condition to taking the children on vacation in Switzerland, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 6, 2002, unanimously dismissed, as abandoned, without costs.

The parties, both Swiss nationals, contest custody of their children, also Swiss nationals; plaintiff wants to live in New York; defendant wants to live in Switzerland. After appointment of a Law Guardian and evaluation by a neutral forensic expert, the court awarded joint custody pendente lite, with the children residing with each parent during alternate weeks. Defendant commutes from Europe on the weeks he has custody. After the attack of September 11, 2001, defendant advised that he was going to seek removal of the children from New York to Switzerland based on the opinions of two terrorism experts

that New York is not safe. Plaintiff then moved for an award of the $10,000 retainer she paid a terrorism expert to counter defendant's terrorism experts, plus such other fees and expenses as her expert might require, and additional attorneys' fees. The court awarded plaintiff $10,000, and left the issue of any additional experts' and attorneys' fees for trial. Thereafter, the court, upon rejecting the notion that terrorism has made New York an unsafe place for children and denying defendant's motion to remove the children to Switzerland, directed plaintiff to return the $10,000 terrorism expert's fee to defendant because her expert had informed the media about defendant's motion "[perhaps] to gain media attention for himself," and also because plaintiff, contrary to the joint custody arrangement, discussed the effects of media coverage with the children without consulting with defendant. This was a proper exercise of discretion (*see O'Brien v O'Brien,* 66 NY2d 576, 590; *Lesnick v Lesnick,* 167 AD2d 888). The award was made to procure an expert's opinion, not media attention.

The court also properly exercised its discretion in requiring defendant to give security before taking the children on vacation in Switzerland (*see Matter of Grassi v Grassi,* 40 AD2d 546, *lv denied* 31 NY2d 641), in view of defendant's threat to commence custody litigation in the Swiss courts, and his refusal to sign the stipulation he had previously signed 11 times before taking the children out of the country. The stipulation, which provided that New York is the children's habitual residence and has sole and exclusive jurisdiction of the instant action, and that it is in the children's best interests to return to New York, effectively satisfied plaintiff's burden of proof under the Hague Convention on the Civil Aspects of International Child Abduction (*see Croll v Croll,* 229 F3d 133, 138, *cert denied* 534 US 949), and thereby served to relieve apprehension that defendant would not timely return the children (*cf. Lolli-Ghetti v Lolli-Ghetti,* 162 AD2d 198; *Markus v Markus,* 75 AD2d 747, *lv denied* 51 NY2d 705).

Defendant failed to show that it is in the children's best interests to attend school in Switzerland for one year. While it might be possible to accomplish such a temporary relocation without disruption of plaintiff's physical custody rights, we are persuaded by the Law Guardian that such a relocation would involve a detrimental disruption in the schooling, friendships and activities that the children have continuously enjoyed in New York since 1994 (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95; *Fox v Fox,* 177 AD2d 209, 210-211). The court also properly denied plaintiff's request for additional attorneys'

fees in December 2001 and January 2002 for lack of an adequate showing of need (*see Wolf v Wolf*, 146 AD2d 527), and then, after defendant initiated a new round of litigation seeking removal of the children to Switzerland, properly granted additional fees in June 2002 (*see O'Shea v O'Shea*, 93 NY2d 187, 190).

We have considered the parties' other arguments for affirmative relief and find them to be unavailing. Concur—Mazzarelli, J.P., Saxe, Sullivan, Rosenberger and Lerner, JJ.