CALVIN W. WEDDLE and LEMELLY F. BOWNE, Respondents,
*v.* STANLEY GRZECZEZAK, Appellant. (Appeal No. 2.)

Second Department, November 21, 1919.

**Contempt — amount of fine for violation of order in supplementary
proceedings — fining judgment debtor amount of judgment
for violation of order not to dispose of property — evidence
insufficient to show violation.**

A judgment debtor who merely disobeys an order in supplementary pro-
ceedings to appear and be examined cannot be fined the full amount of the
judgment without a showing that the failure to obey the order resulted in
a loss to the plaintiff of the amount of the judgment. The fine of a
judgment debtor for disobeying such an order should be limited to the
costs and expenses of the plaintiff and an additional sum for punishment
not exceeding the statutory limit provided by section 773 of the Judiciary
Law.

Where a judgment debtor disposes of his property in violation of an injunc-
tion contained in an order in supplementary proceedings, resulting in the
loss of the judgment to the plaintiff, a fine in contempt proceedings of the
amount of the judgment is proper.

But where it is claimed that the judgment debtor withdrew money deposited
in a bank, contrary to the injunction contained in the order, to sustain
a fine equal to the amount of the judgment, there must be evidence that
the money deposited belonged to the said debtor so that the plaintiff
could satisfy the judgment therefrom and that the debtor was a party
to its withdrawal.

Evidence examined, and *held*, insufficient to establish that the judgment
debtor had violated the injunction restraining him from disposing of his
property.

KELLY, J., dissented.

APPEAL by the defendant, Stanley Grzeczezak, a judgment
debtor, from an order of the County Court of Nassau county,
entered in the office of the clerk of said county on the 13th
day of June, 1919, adjudging him guilty of contempt of court
in having willfully disobeyed an order for his examination in
supplementary proceedings and fining him the amount of
the judgment and thirty dollars costs of the contempt
proceedings.

*H. Willard Griffiths* [*Jacob L. Kornicker* with him on the
brief], for the appellant.

*Harry W. Moore*, for the respondents.

Second Department, November, 1919.      [Vol. 189.

BLACKMAR, J.:

The order adjudges that the defendant was guilty of contempt in having disobeyed the order for his examination by failing to appear on the 24th day of May, 1919, and also " by reason of the sum of thirty-one hundred dollars having been withdrawn from the joint bank account held by said judgment debtor and Josie Grzeczezak, his wife, after service of said order upon him and in violation of the injunction therein contained." The defendant was fined the amount of the judgment to be paid to the plaintiffs and committed to the county jail until such payment should be made.

If the contempt consisted solely of a disobedience of the order to appear and be examined, the defendant could not be fined the amount of the judgment to be paid to plaintiffs without showing that the failure to obey the order to appear resulted in a loss to the plaintiffs of the amount of the judgment. There was no evidence to that effect. For contempt in disobeying the order to appear the fine should have been limited to the costs and expenses of the plaintiffs and an additional sum for punishment not exceeding the statutory limit. (Judiciary Law, § 773; *Socialistic Co-operative Pub. Assn.* v. *Kuhn*, 164 N. Y. 473.) If the money was withdrawn from the bank in violation of the injunction, the loss of the judgment to the plaintiffs followed and the order was right. To reach the conclusion that loss of the judgment to the plaintiff followed, there must be evidence that the money on deposit belonged to the defendant so that the plaintiffs could satisfy the judgment therefrom, and that the defendant was a party to its withdrawal from the bank. In such case the fine could be for the benefit of plaintiffs to the extent of their loss. Although these facts were probable, there was no evidence to establish them, and the adjudication that the defendant violated the injunction was, upon the evidence then before the court, unwarranted.

The order should be reversed, with ten dollars costs and disbursements, and the case remitted to the County Court of Nassau county for further proceedings.

JENKS, P. J., MILLS and RICH, JJ., concurred; KELLY, J., dissented upon the ground that the facts developed upon

defendant's examination, coupled with the return of execution unsatisfied, warranted the county judge's decision that the money withdrawn by defendant's wife belonged to the defendant, and that the withdrawal damaged plaintiffs to the amount of the fine imposed.

Order of the County Court of Nassau county reversed, with ten dollars costs and disbursements, and case remitted to said court for further proceedings.