In the Matter of Supplementary Proceedings: CHARLES K. STARR, Respondent, *v.* HENRIETTA MORANGE, Appellant.

Supreme Court, Appellate Term, First Department, October, 1922.

Debtor and creditor — refusal of debtor to obey order for examination in supplementary proceedings — promise to pay judgment in installments to purge herself of contempt — failure to do so — amount of fine to be imposed in order adjudging her in contempt — Judiciary Law, § 773.

A judgment debtor having been produced in court by virtue of an attachment for refusing to obey an order for her examination in supplementary proceedings sought to purge herself of the contempt by a promise to pay the judgment in stipulated installments none of which was paid. Upon her return to the jurisdiction of the court after an absence of two years she was adjudged guilty of

contempt and fined in the amount of the judgment, with costs.  *Held,* that there being no proof to the contrary of her claim that at no time has she been able to pay the judgment and no actual loss or injury having been shown to have resulted from her misconduct, the order adjudging her guilty of contempt will be modified by reducing the amount of the fine to $250 in accordance with section 773 of the Judiciary Law and as so modified affirmed, with costs and disbursements to be set off against the judgment.

APPEAL by judgment debtor from order of the City Court of the city of New York adjudging her guilty of contempt of court and imposing a fine to the amount of the judgment with costs.

*Abraham J. Halprin,* for appellant.

*George W. Olvany (Edward B. Schulkind,* of counsel), for respondent.

GUY, J.    The judgment debtor having refused to obey an order for examination in supplementary proceedings an attachment was issued against her, and upon her production in court pursuant to the writ, desiring to purge herself of the contempt, she promised to pay the judgment thereafter in stipulated installments.    None of the payments was made, and the debtor went to California, remaining there for about two years.    Upon her return to the jurisdiction she was by the order appealed from adjudged guilty of contempt and fined $1,543.17, the amount of the judgment and costs.

Section 773 of the Judiciary Law provides that if an actual loss or injury has been produced to a party to an action or special proceeding by reason of the misconduct proved against the offender, and the case is not one where it is specially prescribed by law that an action may be maintained to recover damages for the loss or injury, a fine sufficient to indemnify the aggrieved party must be imposed upon the offender, and collected and paid over to the aggrieved party under the direction of the court; and that where it is not shown that such an actual loss or injury has been produced a fine not exceeding the amount of the plaintiff's costs and expenses and $250 in addition thereto must be collected and paid in like manner.

Here the debtor claims that at no time since the judgment was obtained has she been able to pay the judgment, and that she went to California for the purpose of earning moneys with which to pay the judgment.    No proof to the contrary was produced, and as no actual loss or injury was shown to result from the misconduct, it was error to fine the debtor the amount of the judgment. *Matter of Depue,* 185 N. Y. 60; *Westervelt* v. *Shapiro,* 132 N. Y. Supp. 338.    Although no actual loss was proven, as the court adjudicated that the rights and remedies of the creditor were

actually defeated, impaired, impeded and prejudiced, the imposition of a fine of $250 and costs was authorized. *Goldsmiths & Silversmiths Co.* v. *Haas*, 76 Misc. Rep. 210.

Order modified by reducing the amount of the fine to the sum of $250, and as so modified affirmed, with $10 costs and disbursements to the appellant, to be set off against the judgment.

Bijur and Mullan, JJ., concur.

Order modified and as modified affirmed.