In the Matter of Supplementary Proceedings: GERMAN FUR DYEING CORPORATION, Judgment Creditor, Respondent, *v.* F. & M. FUR Co., INC., Judgment Debtor, and THE PENNSYLVANIA EXCHANGE BANK and ARTHUR F. KAUFHOLD, as Cashier of THE PENNSYLVANIA EXCHANGE BANK, Third Parties, Appellants.

Supreme Court, Appellate Term, First Department, November 12, 1931.

*Dorff & Levy* [*Max Dorff* and *Louis Greenblatt* of counsel], for the appellants.

*Benjamin Metz* [*Burstein & Cohn* of counsel], for the respondent.

PER CURIAM. The order appealed from imposed a fine in excess of $250, with costs, on the third party, Arthur F. Kaufhold, as cashier. Such a fine could not be upheld on the present record as there was no proof of any actual loss sustained by the judgment creditor. (See Judiciary Law, § 773.) Further, under the circumstances herein it would appear improper to impose any fine. To do so it was necessary to hold that the conduct of the third party was calculated to defeat or impair the rights of the judgment creditor. The debtor was a domestic corporation and the only remedy available against it was to proceed in sequestration proceedings in behalf of all creditors. (See *Matter of Delaney,* 256 N. Y. 315.) The creditor did not proceed to enforce this right.

It did nothing for upwards of a year. The third party bank, therefore, in paying the debtor's deposit to a trustee for the benefit of all creditors after that lapse of time effected substantially the same result that sequestration proceedings would have accomplished. While it is true that the payment here was to a voluntary trustee and the distribution through him might entail a somewhat different result from that arrived at through legal proceedings, there is nothing from which it could be found that this method of distribution was less favorable to the creditor. We do not approve the act of the third party in paying the fund without procuring the court's permission, but find that in view of the circumstances its conduct was not punishable as a civil contempt, as it was not calculated to prejudice the rights of the creditor.

In addition, the order appealed from was improper as to Kaufhold, as it fined him as cashier of the bank although the third party order was directed to the bank and served only on the president of the bank, and the motion to punish for contempt asked only that the bank be punished.

As the order appealed from merely affects Kaufhold there is no basis for the bank's appeal.

Appeal by third party, The Pennsylvania Exchange Bank, dismissed. Order reversed as to appellant Kaufhold, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

All concur; present, LYDON, LEVY and CALLAHAN, JJ.