In the Matter of Supplementary Proceedings: CONSUMER'S POULTRY DEALERS CORPORATION, Judgment Creditor, Respondent, v. PODBERESKY BROS., INC., Judgment Debtor, Appellant.— Order adjudging judgment debtor, by its secretary and treasurer, guilty of contempt in supplementary proceedings and imposing a fine of $1,533.13 modified by reducing one item in the fine, consisting of the amount of the judgment, from $1,003.13 to $250, thus reducing the total of the fine imposed to $780, and as so modified unanimously affirmed, without costs. The showing with respect to " actual loss or injury " resulting " to a party to an action or special proceeding, by reason of the misconduct proved against the offender " was insufficient to justify a fining of the offender the amount of the judgment. The limit of the judgment in respect of that element was $250. The fine, so far as it related to costs and expenses, was proper. (Judiciary Law, § 773; *Weddle* v. *Grzeczezak, No. 2,* 189 App. Div. 493; *Matter of Starr* v. *Morange,* 119 Misc. 376; *Matter of Schwortz* v. *Sill,* 85 id. 55; *Whitman* v. *Haines,* 51 Hun, 640; affd. on opinion of Brady, J., at Special Term, 119 N. Y. 639.) Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of the Proceedings of R. HALSEY JACKSON, as One of the Surviving Executors and Trustees of ROBERT G. JACKSON, Deceased. DAVID SEYMOUR BELKNAP and Others, Infants, etc., by Their Special Guardian STEPHEN F. THAYER, Appellants; R. HALSEY JACKSON, as Executor, etc., of ROBERT G. JACKSON, Deceased, and Others, Respondents.— Decree of the Surrogate's Court of Westchester county, dated December 28, 1934, in so far as it adjudges that the infants Robert J. Belknap, Seymour Belknap, Elizabeth Belknap and Barbara Adele Belknap, are neither proper nor necessary parties to the proceeding and that the proceeding be discontinued as to them, without prejudice to any proceeding heretofore had herein; adjudging that the appointment and the services of a special guardian were not necessary for the protection of the interests of said infants; that the appointment of Stephen F. Thayer as such special guardian be revoked and rescinded and that the special guardian be authorized to take no further steps or proceedings herein, reversed on the law, with costs to the appellants, payable out of the estate, and the proceeding remitted to the surrogate to act thereon in accordance with law. There is no provision in the will for the vesting of the remainder in the lifetime of the *cestui que trust.* The estate taken by the daughters is contingent, not vested. (Real Prop. Law, § 40.) Paragraph eighth provides for a division of the remainder of the estate after the death of the life tenant, if the daughters have then become thirty years of age; if they have not arrived at that age they receive the income in the meantime. This is the " divide and pay over rule." Who will take the remainder cannot be determined under paragraph ninth until the death of the widow. (*Matter of Bostwick,* 236 N. Y. 242, 245; *Matter of Crane,* 164 id. 71, 76.) If there had been no provision for a gift over or of survivorship in the will, there would have been vesting in the daughters. (*Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573, 581.) But there are such words here. The will speaks as of the time of the death of the testator, and paragraph ninth cannot be deemed to speak of the death of the daughters during the life of testator. (*Erwin* v. *Waterbury,* 186 App. Div. 569.) Lazansky, P. J., Hagarty, Davis and Johnston, JJ., concur; Tompkins, J., dissents and votes for affirmance on opinion of Slater, S. [156 Misc. ——.]