■ St. Regis Mohawk Development Corporation et al., Respondents, v Basil Cook et al., Appellants.—Mikoll, J. P. Appeals (1) from an order of the Supreme Court (Plumadore, J.), entered March 30, 1990 in Franklin County, which, inter alia, found defendants in contempt of a prior court order, (2) from an order of said court, entered January 30, 1991 in Franklin County, upon a decision of the court in favor of plaintiffs, and (3) from the judgment entered thereon.

This appeal poses two questions: (1) whether Supreme Court

correctly held that defendants were in contempt of court for their failure to obey an earlier court order to the prejudice of plaintiffs, and (2) whether Supreme Court abused its discretion in assessing a fine of $571,784 as a sanction against defendants. Supreme Court's rulings should be modified by reversing that portion of the order entered January 30, 1991 and the judgment entered thereon as awarded plaintiffs $571,784 plus interest as a fine, and the matter should be remitted to Supreme Court for assessment of a fine.

Defendants, Basil Cook and Guilford White, and plaintiff Emmett Munley are officers and stockholders of plaintiff St. Regis Mohawk Development Corporation (hereinafter the corporation). Munley owns the controlling interest in the corporation. Pursuant to a written agreement, the St. Regis Mohawk Indian Tribe engaged the corporation to manage and operate a bingo enterprise on its behalf on reservation lands. A bingo hall was erected on the premises and the corporation assigned the bingo management agreement to the St. Regis Mohawk Development Company, a limited partnership with the corporation as the sole general partner. The bingo hall, known as the Mohawk Bingo Palace, opened for business on May 25, 1985.

In July 1989, plaintiffs commenced the instant action seeking, *inter alia,* injunctive relief and monetary damages. The complaint alleges that defendants illegally ousted the corporation from management of the bingo operation and seized control of the business. In their answer, defendants alleged in a counterclaim that, *inter alia,* Munley wrongfully converted corporate funds. Further proceedings were had and eventually Supreme Court found in favor of plaintiffs and granted a preliminary injunction by order dated August 7, 1989. Such order required defendants to relinquish to Robert Brim, general manager of the corporation, any and all property and assets of the corporation under defendants' control, including possession of the bingo hall land. Subsequently, plaintiffs moved to hold defendants in contempt for failure to comply with the August 7, 1989 order.

Supreme Court held a hearing and, by order entered March 30, 1990, *inter alia,* held defendants in contempt of court in regard to the August 7, 1989 order and directed defendants to deliver possession of the bingo hall to plaintiffs. Further proceedings were had, including a hearing in November 1990, and by order entered January 30, 1991 Supreme Court, *inter alia,* imposed a fine on defendants for contempt of court in the

sum of $571,784 upon which judgment was entered. These appeals ensued.

Initially, we note that arguments attacking the validity of the order granting the preliminary injunction are not considered inasmuch as "[a]n appeal from a contempt order which is jurisdictionally valid does not bring up for review the prior order" *(Bergin v Peplowski,* 173 AD2d 1012, 1014). We find no merit in defendants' argument that the finding of contempt is reversible because plaintiffs failed to demonstrate that prejudice or harm occurred as a result of defendants' failure to obey the March 30, 1990 order and that defendants knowingly violated its terms *(see, supra).* The March 30, 1990 order clearly directed defendants to vacate the premises and plaintiffs were left to operate the bingo hall pursuant to the management agreement. Defendants, however, refused to relinquish possession to Munley and escorted Munley and his counsel from the premises. There is also sufficient evidence in the record establishing the required prejudice and harm *(see, supra,* at 1013). Munley was the sole general partner in the managing of the corporation and had a right to oversee the operation of the bingo enterprise. The proof indicates that defendants had not only wrongly seized control of the premises, but that they also would not permit plaintiffs to enter onto the premises.

We do find, however, that the fine imposed on defendants was an abuse of Supreme Court's discretion. Fines are imposed for a civil contempt to compensate the injured party for the loss sustained as a result of the interference with the injured party's rights *(see,* Judiciary Law § 773; *Matter of McCormick v Axelrod,* 59 NY2d 574, 582-583, *amended* 60 NY2d 652). In the case at bar, the bingo operation was seized by defendants in May 1989. The reservation was closed by the State Police from June 1989 to October 1989 and again after March 1990. Supreme Court calculated the fine without regard to the time the premises were closed to the public by events not in control of the parties. It appears that defendants' profit amounted to less than Supreme Court attributed it to be. Moreover, plaintiffs concede that the figure of $281,777 computed by the court as the loss of equity in the bingo operation has no sound basis in accounting. The suggestion that this loss be set at $223,867 also lacks a basis in the record and is not acceptable.

As the punishment imposed is punitive rather than compensatory and punitive damages may not be imposed for a civil contempt, the fine must be set aside *(see, Matter of Beiny*

*[Weinberg]*, 164 AD2d 233, 236-238, *amended* 177 AD2d 463; *Moran v Village of Philmont,* 147 AD2d 230, 235, *appeal dismissed* 74 NY2d 943). The matter should therefore be remitted to Supreme Court to determine the fine to be imposed.

Mercure, Crew III and Mahoney, JJ., concur. Ordered that the order entered March 30, 1990 is affirmed, without costs. Ordered that the order entered January 30, 1991 and judgment are modified, on the law, without costs, by reversing so much thereof as awarded plaintiffs $571,784 plus interest as a fine; matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed.