■ SUSAN P. HOLBROOK, Respondent, v CRAIG A. HOLBROOK, Appellant. [640 NYS2d 641] —Yesawich Jr., J. Appeal from an amended order of the Supreme Court (Canfield, J.), entered October 25, 1994 in Rensselaer County, which granted plaintiff's motion for, *inter alia*, counsel fees.

In this divorce action, commenced in 1993, defendant appeals Supreme Court's determination, made following a hearing, granting plaintiff interim counsel fees and experts' fees.

The award of $10,000 for counsel fees already incurred, payable directly to plaintiff's attorney, was not unreasonable given plaintiff's inability to pay those fees from her own limited funds (*see, Marr v Marr*, 181 AD2d 974, 975; *Weber v Weber*, 156 AD2d 189), the parties' disparate incomes, assets and expenses (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Wong v Wong*, 161 AD2d 710, 711), and the fact that a significant portion of the legal expenses with which plaintiff has been burdened are the product of defendant's dilatory tactics and obfuscation (*see, Cinnamond v Cinnamond*, 203 AD2d 229, 230). The record evidence indicates that defendant earns approximately $50,000 per year (after deducting the maintenance he pays to plaintiff), and also has interest and dividend income, while plaintiff's annual income (including the spousal support she receives from defendant) approaches $33,000. Considering the amount each must expend to support their child, and their other necessary expenses—significantly, plaintiff has to pay rent, while defendant does not, and plaintiff also has several outstanding loans for past legal expenses, and necessities such as household furniture—Supreme Court cannot be faulted for concluding that defendant has substantially more disposable income than plaintiff. In addition, defendant possesses (or did, at the time this application was made) several major assets—including a house, 26 acres of land, stock of two companies, and numerous vehicles and bank accounts—many of which, plaintiff maintains, constitute marital property.

Examination of the record also discloses that defendant has been less than forthcoming with respect to, among other things, the sources and dispositions of the funds in several bank accounts he opened during the marriage, forcing plaintiff—through her attorney—to make repeated efforts, culminating in the service of a subpoena, to obtain this information. Furthermore, it was necessary for plaintiff's counsel to spend additional time to determine which of defendant's holdings derive from marital assets, and to trace those assets through the many fund transfers and other cryptic transactions defendant engaged in over the years, both during the marriage and since the litigation began. Plaintiff is hard pressed to come up with the funds necessary to do so, having already been constrained to borrow $15,000 from family members to cover legal expenses generated by Family Court proceedings which preceded commencement of this divorce suit.

Supreme Court's findings with respect to the reasonableness of the legal fees awarded are also adequately supported in the record. Plaintiff testified that she has paid her present counsel

approximately $2,700 to date and has incurred additional bills amounting to nearly $7,000; these amounts were appropriately documented in detailed, itemized statements. Affording due deference to the superior vantage point a trial court enjoys when called upon to gauge the complexity of litigation, the amount of preparation required, counsel's experience and reputation, and other relevant factors, we find no basis here to disturb Supreme Court's determination (*see, Shrauger v Shrauger*, 146 AD2d 955, 956, *appeal dismissed* 74 NY2d 844). As for the amounts awarded for the purpose of obtaining appraisals of defendant's real estate ($750) and pension ($500), they, likewise, were fully justified (*see, Dzembo v Dzembo*, 160 AD2d 1144, 1145).

Supreme Court erred, however, in ordering defendant to pay an additional $5,000 directly to plaintiff "to assist in the defraying of loans incurred by [plaintiff] for legal fees incurred heretofore". The only evidence presented with respect to these loans suggests that they were used to pay plaintiff's previous attorneys for services rendered in connection with the aforementioned Family Court proceedings. Recovery of these amounts may not be had in this action (*see, Abrusci v Abrusci*, 79 AD2d 980).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as made an award of $5,000 directly to plaintiff, payable in two installments, and, as so modified, affirmed.