■ BARBARA CORPUEL et al., Respondents, v PETER GALASSO, Defendant. NANCY GALASSO, Nonparty Appellant. [659 NYS2d 65] —In an action to recover the proceeds of a promissory note, Nancy Galasso appeals from (1) a judgment of the Supreme Court, Westchester County (Coppola, J.), entered April 10, 1996, which, upon her default in appearing and giving testimony in the action, *inter alia*, adjudged her to be in contempt of court and fined her $1,412,800, and (2) an order of the same court, dated September 10, 1996, which, *inter alia*, denied her motion, among other things, (1) to vacate the judgment, and (2) for reargument of (a) the plaintiffs' prior motion to hold her in contempt, and (b) her prior motion to vacate the order holding her in contempt.

Ordered that the appeal from the judgment is dismissed, as the judgment was entered upon the appellant's default in appearing and giving testimony in the action; and it is further,

Ordered that the appeal from so much of the order as denied that branch of the motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

In a related appeal (*Corpuel v Galasso*, 240 AD2d 530 [decided herewith]) this Court dismissed the appeal from an order of the Supreme Court, Westchester County, dated January 5, 1996, which denied the appellant's motion to vacate an order of the same court entered July 17, 1995, finding her in contempt of court and fining her $1,412,800, on the ground that the right of direct appeal from that order had terminated with the entry of the judgment entered April 10, 1996 (*see, Matter of Aho*, 39 NY2d 241, 248). Although the appeal from the judgment is dismissed because the judgment was entered upon the appellant's default in appearing and giving testimony in the action, the issues raised on the appeal from the order dated January

5, 1996, are brought up for review by the appeal from the order dated September 10, 1996, denying the appellant's motion, *inter alia*, to vacate the judgment (*see*, CPLR 5501 [a] [1]).

The appellant challenges an order entered upon her default in opposing the plaintiffs' motion to hold her in contempt and fining her, alleging that the order to show cause for contempt was defectively served. However, after a hearing, the trial court determined that the appellant had been properly served with the plaintiffs' application to hold her in contempt pursuant to CPLR 308 and 403. Any of the four methods of personal service enumerated in CPLR 308 are sufficient to confer jurisdiction under these circumstances (*see*, *Rothkopf v Rothkopf*, 191 AD2d 685; *see also*, Siegel, NY Prac § 74, at 96 [2d ed]; *Matter of Weill v Erickson*, 49 AD2d 895, *affd* 37 NY2d 851; CPLR 103 [c]) and nothing in the record warrants disturbing this finding. The appellant's contention that the court erred in not addressing, at the hearing, service of the order finding her in contempt and the service of the underlying subpoena is mistaken. Contrary to the appellant's contention, it was her initial obligation to address her default in opposing the plaintiffs' application to hold her in contempt, and the issue of the service of the underlying subpoena concerns only a possible meritorious defense and does not constitute a reasonable excuse, an element she must establish in order to vacate a default (*see*, *Louis v Louis*, 231 AD2d 612; *O'Hagan v O'Hagan*, 187 AD2d 494; *Ladell v Field*, 114 AD2d 1010). Insofar as no excuse was offered, there was no improvident exercise of discretion in the court's denial of the appellant's motion to vacate the order holding her in contempt. Further, the appellant was granted an opportunity to purge the contempt and purposefully declined.

The record reveals an elaborate scheme to defeat the collection of the plaintiffs' judgment against the appellant's husband, the judgment-debtor in the underlying action. The appellant's refusal to participate in the judicial process and her contempt of court in this regard has caused the plaintiffs' loss in the amount of the judgment, the basis of the contempt fine. Judiciary Law § 773 provides that such fines should be "sufficient to indemnify the aggrieved party" if "an actual loss or injury has been caused" by the actions of the contemnor, and under the circumstances presented, the fine assessed against the appellant was reasonable and met these requirements (*State of New York v Unique Ideas*, 44 NY2d 345; *Matter of Rothko*, 84 Misc 2d 830; *see also*, *Riedel Glass Works v Kurtz & Co.*, 260 App Div 163, *affd* 287 NY 636).

The appellant further contends that the court improperly denominated the branches of her motion which were to renew as being to reargue the plaintiffs' motion to hold her in contempt and her own motion to vacate the order holding her in contempt. We disagree. CPLR 5015 (a) (2) provides for relief on the ground of newly-discovered evidence which, if introduced at the trial, would probably produce a different result and which could not have been discovered prior to the entry of the order in question. The words "could not have been discovered" in CPLR 5015 (a) (2) refer to evidence not discoverable with due diligence (*see, Federal Deposit Ins. Corp. v Schwartz*, 116 AD2d 619; *Levitt v County of Suffolk*, 166 AD2d 421). Here, the "new evidence" concerning the alleged sale of the appellant's husband's property in New Jersey was unsupported by the record. In any event, such proceedings were discoverable with due diligence.

The appellant's remaining contentions are without merit. Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.