■ In the Matter of BARCLAYS BANK, PLC, Respondent, v PATRICIA HUGHES, Appellant. [761 NYS2d 278] —In a proceeding pursuant to Judiciary Law article 19 to hold Patricia Hughes in civil contempt, inter alia, based upon her disobediance of an order of the Supreme Court, Nassau County (McCarty, J.), dated December 5, 2001, compelling her compliance with a subpoena duces tecum and her production of certain financial records relevant to the petitioner's attempts to collect upon a judgment, the appeals are from (1) a decision of the same court, entered August 14, 2002, and (2) a judgment of the same court dated August 21, 2002, which found the appellant to be in civil contempt and imposed a fine in the sum of $966,529 plus costs and expenses in the sum of $34,758.87.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof imposing a fine in the sum of $966,529, and substituting therefor a provision imposing a statutory fine of $250 and by deleting the provision thereof imposing costs and expenses in the sum of $34,758.87; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the recalculation of costs and expenses.

The petitioner, Barclays Bank, PLC, recovered a judgment in the total sum of $966,529 against, among others, the husband of the appellant Patricia Hughes in an action in the Supreme

Court, New York County. In an attempt to collect upon that judgment, and to locate assets allegedly transferred by the judgment debtors, the petitioner served a subpoena duces tecum upon the appellant commanding her appearance for a deposition, and requiring the production of numerous financial documents. After repeated defaults, and under threat of contempt pursuant to an order of the Supreme Court, Nassau County, dated December 5, 2001, the appellant finally appeared for a deposition, but she revealed little information and, incredibly, claimed to have discarded numerous financial records in a most cavalier manner. After a hearing, the Supreme Court found the appellant to be in civil contempt for her disobedience of the order and subpoena, and imposed a fine in the full amount of the judgment against her husband.

Contrary to the appellant's contentions, the record amply supports the Supreme Court's factual determination that she knowingly disobeyed a lawful order of the court, and that her conduct impaired the rights or remedies of the petitioner. Accordingly, the Supreme Court providently exercised its discretion in finding the appellant guilty of civil contempt (*see* Judiciary Law § 753 [A] [1]; §§ 757, 770; *McCain v Dinkins,* 84 NY2d 216, 226 [1994]; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.,* 246 AD2d 538 [1998]). However, the Supreme Court erred in imposing a fine against the appellant in the amount of the judgment owed by her husband to the petitioner.

Pursuant to Judiciary Law § 773, the amount of a contempt fine should be sufficient to indemnify the aggrieved party for "actual loss or injury" caused *"by reason of the misconduct"* (emphasis supplied) (*see Matter of Lembo v Mayendia-Valdes,* 293 AD2d 789 [2002]; *Rechberger v Rechberger,* 139 AD2d 906, 907 [1988]). Unlike criminal contempt sanctions which are intended to punish, civil contempt fines are intended to compensate victims for their losses (*see State of New York v Unique Ideas,* 44 NY2d 345 [1978]; *Berkowitz v Astro Moving & Stor. Co.,* 240 AD2d 450 [1997]). The party seeking a contempt order must prove actual loss, failing which "the court may only impose a fine which does not exceed the complainant's costs and expenses, plus an additional $250" (*Berkowitz v Astro Moving & Stor. Co., supra* at 452; *Rechberger v Rechberger, supra*). Legal fees and disbursements are also recoverable (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532, AFT, AFL-CIO,* 249 AD2d 435 [1998]).

In supplementary proceedings to execute or collect upon a judgment, the weight of authority holds that a contemnor's lack of cooperation does not render him or her liable for the

entire amount of the uncollected judgment (*see Weddle v Grzec-zezak,* 189 App Div 493 [1919]; *see also Matter of Consumer's Poultry Dealers Corp. v Podberesky Bros.,* 244 App Div 754 [1935]; *Matter of German Fur Dyeing Corp. v F. & M. Fur Co.,* 142 Misc 6 [1931]; *Root v Rich,* 170 NYS 871 [1918]; *Matter of Samuels v Ganz,* 174 Misc 399 [1940]; *Levy Mgt. Corp. v Raiman,* 65 NYS2d 364 [1946]). The rationale for these holdings is that while a lack of cooperation may make collecting the judgment more difficult, the loss or injury occasioned by the lack of cooperation is the cost of the fruitless proceedings, not the amount of the judgment (*see Matter of Beiny,* 164 AD2d 233 [1990]; *Frankel v Frankel,* 111 AD2d 447 [1985]). Here, the petitioner did not demonstrate that it incurred an actual loss in the full amount of the uncollected judgment. Thus, it may recover only its actual costs and expenses plus a statutory fine of $250.

The Supreme Court awarded the petitioner a contempt fine in the full amount of the uncollected judgment upon the authority of *Corpuel v Galasso* (240 AD2d 531 [1997]). But *Corpuel* is distinguishable because there the parties admitted to making fraudulent transfers to keep assets out of the judgment creditor's reach. As such, the rule of *Corpuel* does not govern the instant case. Moreover, we note that the petitioner never pleaded a claim for recovery of its actual losses as a punishment for the appellant's contempt, and it clearly did not prove that the appellant's failure to cooperate cost it the chance to recover its judgment (*see Federal Deposit Ins. Corp. v Richman,* 98 AD2d 790 [1983]). Accordingly, the petitioner was entitled only to its actual costs and expenses plus the statutory fine of $250 (*see Berkowitz v Astro Moving & Stor. Co., supra*). Florio, J.P., S. Miller, Crane and Rivera, JJ., concur. [As amended by unpublished order entered Oct. 15, 2003.]