■ In the Matter of SAMIA N. AHMAD, Appellant, v IQBAL M. NAVIWALA, Respondent. [788 NYS2d 254]—

Peters, J.P. Appeals (1) from an order of the Family Court of Broome County (Ray, J.), entered April 23, 2003, which, in a proceeding pursuant to Family Ct Act article 6, partially granted petitioner's motion for counsel fees, (2) from an order of said court, entered September 23, 2003, which, inter alia, denied petitioner's motion for reconsideration, and (3) from an order of said court, entered May 18, 2004, which, inter alia, denied petitioner's motion for a hearing on counsel fees and expenses.

The facts underlying this proceeding were fully reviewed by us in our previous decision (306 AD2d 588 [2003], *lv dismissed* 100 NY2d 615 [2003]). As here relevant, petitioner and respondent, parents of four children, were divorced in 1999, with petitioner receiving an order of sole custody. Such order incorporated the parties' separation agreement which provided, among other things, that petitioner would have sole custody of the children only until either 2001 or 2002, depending upon the children's gender. During petitioner's sole custody, respondent would be provided with a continuous three-month period of visitation.

---

In June 2000, respondent, residing and working in Saudi Arabia, took the children to Saudi Arabia and refused to return them at the end of his scheduled visitation; petitioner was refused all contact. Respondent thereafter obtained an ex parte order of custody from a Saudi court, forcing petitioner, during the next two years, to seek relief from not only the Saudi legal system but also the American and Pakistani systems. Ultimately, she located the children in America, obtained a court order, and had them returned to her in Broome County where she filed both a violation petition and a petition for a modification of custody. Respondent cross-petitioned for the same relief.

Following a lengthy trial, Family Court found that notwithstanding respondent's willful violation of the custody order, he should be awarded sole custody; this Court reversed that determination on appeal. We further noted that petitioner should be compensated for the costs she incurred as a result of respondent's contemptuous conduct. Although both parties conceded that Family Court conducted a posttrial counsel fee hearing in March 2003, we found no proof that it also considered petitioner's request, made pursuant to Judiciary Law § 773, for the expenses she incurred prior to the institution of those proceedings. Accordingly, we remitted that issue to Family Court for a hearing.

Family Court issued three orders. The first order, entered April 23, 2003, was made as a result of the March 2003 hearing but prior to our review of the custody order. It awarded petitioner $25,000 in counsel fees. When respondent failed to timely pay this amount, Family Court issued a second order, entered September 23, 2003, holding respondent in contempt. Although petitioner was awarded an additional $3,375 in counsel fees for having to prosecute the contempt, Family Court declined petitioner's further request to reconsider the original counsel fee award. The third order, entered May 18, 2004, denied petitioner's motion for a hearing on the issue we remitted, finding that it had already complied with our order. Petitioner appeals from all three orders.

Family Court's determination that it had already complied with this Court's order directing an additional hearing on counsel fees and expenses incurred by petitioner between June 2000 and March 27, 2002 was erroneous. Such fees and expenses remain properly recoverable under Judiciary Law § 773 because they were incurred as a result of respondent's contemptuous conduct (*see Matter of Daniels v Guntert*, 256 AD2d 940, 942-943 [1998]; *St. Regis Mohawk Dev. Corp. v Cook*, 181 AD2d 964, 966 [1992]). A new hearing should therefore be held with

testimony being accepted concerning costs and expenses incurred by petitioner between September 2000 and March 2002, as well as appellate costs incurred since the inception of these proceedings.

The April 2003 order also reflects Family Court's difficulty in separating those fees and expenses which may be awarded pursuant to Judiciary Law § 773 and those which may be awarded pursuant to Domestic Relations Law § 237 (b); Judiciary Law § 773 permits recovery for "actual loss or injury" caused by contemptuous conduct whereas Domestic Relations Law § 237 (b) permits a discretionary award after a consideration of numerous equitable factors (see State of New York ex rel. Gerstein v Gerstein, 302 AD2d 447, 449 [2003]; Matter of Baker v Baker, 291 AD2d 751, 754 [2002]). In our view, no separation of the work done on either the contempt or modification petitions was necessary. While, clearly, the work done on the contempt application was recoverable under Judiciary Law § 773, we believe that the work done on the modification petition should be subsumed therein because its need was triggered solely by respondent's contemptuous conduct. Had we not so found, we would still have determined that the award was an improvident exercise of the court's discretion since it failed to fully consider the parties' disparate financial situations, the international issues implicated by respondent's contemptuous conduct and that a significant portion of petitioner's legal expenses "[we]re the product of [respondent's] dilatory tactics and obfuscation" (Holbrook v Holbrook, 226 AD2d 831, 832 [1996]; see Morrissey v Morrissey, 259 AD2d 472, 473 [1999]; see generally State of New York ex rel. Gerstein v Gerstein, supra at 449; Matter of Mullen v Just, 288 AD2d 476, 477 [2001], lv denied 97 NY2d 613 [2002], cert denied 537 US 820 [2002]; cf. Matter of Buono v Fantacone, 252 AD2d 917, 919 [1998]). For these reasons, coupled with the fact that the award was based, in part, upon the results of petitioner's trial counsel, we will increase the April 2003 award by $56,391.83. This sum reflects the original amount requested by petitioner's trial counsel ($76,306.83), plus $5,085 to compensate for the additional 11.3 hours of counsel's time which were overlooked by Family Court when the original order was issued, less the money already awarded.*

Finally, Family Court also lacked any authority to transfer this matter given the parties' residence at the time of its origination (see Family Ct Act § 165 [a]; § 174; CPLR 503 [a]; cf. Matter

---

* It must be noted that Family Court miscalculated petitioner's trial counsel fee request as being $69,511.83 when it was actually $76,306.83.

*of Vanloan v Dillenbeck*, 97 AD2d 935 [1983]), and there is no basis for an award of sanctions pursuant to 22 NYCRR 130-1.1.

Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order entered April 23, 2003 is modified, on the law and the facts, without costs, by increasing petitioner's counsel fee award by $56,391.83, and, as so modified, affirmed. Ordered that the orders entered September 23, 2003 and May 18, 2004 are reversed, on the law and the facts, without costs, and matter remitted to the Family Court of Broome County for a new hearing pursuant to Judiciary Law § 773 to be held before a different judge.

