Rose, J.
Appeals (1) from an order of the Family Court of Ulster County (McGinty, J.), entered October 29, 2007, which, in a proceeding pursuant to Family Ct Act article 4, committed *1022 respondent to jail for a term of 90 days, and (2) from an order of said Court, entered October 31, 2007, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior support order.
Family Court confirmed that respondent had willfully violated a Supreme Court order requiring him to reinstate and maintain medical insurance coverage for petitioner pursuant to the terms of a separation agreement incorporated in the parties’ judgment of divorce. Family Court also found that respondent failed to pay petitioner for her unreimbursed medical expenses incurred due to his failure to pay the required insurance premium and committed him to jail for 90 days unless he paid the purge amount of $17,177.41 for those unreimbursed medical expenses.
There is no merit to respondent’s initial contention on appeal that he did not willfully violate the earlier Supreme Court order which required him to comply with the judgment of divorce by maintaining medical insurance coverage for petitioner. Petitioner’s undisputed proof that respondent failed to pay the June 2007 insurance premium when it was due, and that this omission terminated her insurance, constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]), placing the burden upon respondent to provide credible evidence of an inability to make the required payments (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]; Matter of Walsh v Karamitis, 291 AD2d 749, 750 [2002]; Matter of Snyder v Snyder, 277 AD2d 734, 734 [2000]). Respondent failed, however, to claim an inability to pay. Instead, he argued that he did not pay the premium because petitioner did not clearly advise him when the next monthly premium was due. For her part, petitioner testified that she handed exhibit No. 1, which states when the premiums were due, to respondent in court prior to the issuance of Supreme Court’s order. Family Court credited petitioner’s testimony on this issue and rejected respondent’s explanation. According deference to the court’s credibility assessments (see Matter of Holscher v Holscher, 4 AD3d 629, 630 [2004], lv denied 3 NY3d 606 [2004]; Matter of Reed v Reed, 240 AD2d 951, 952 [1997]), we find no reason to disturb the determination that respondent willfully failed to maintain insurance coverage after he was ordered to reinstate it.
Nor do we disagree with the finding that respondent was in violation for failing to pay petitioner’s medical expenses incurred due to the lack of insurance coverage. Supreme Court’s order expressly required such payments and there can be no doubt that incurring such expenses was a natural consequence *1023 of respondent’s failure to maintain insurance coverage. Moreover, Judiciary Law § 773, which is made applicable by Family Ct Act § 156, mandates a fine “sufficient to indemnify the aggrieved party” for any actual loss (see Matter of Ahmad v Naviwala, 14 AD3d 819, 820-821 [2005], lv dismissed 5 NY3d 783 [2005]). To the extent that petitioner’s medical expenses are not reimbursable by insurance, their amounts would be properly included in any purge amount imposed in lieu of a fine (see Judiciary Law § 774 [1]).
We do find merit, however, in respondent’s argument that Family Court erred in its calculation of the purge amount. The record shows that the court included expenses that were incurred during several months when insurance coverage was retroactively in effect after being reestablished in May 2007. Inasmuch as the record does not indicate whether the bills for services rendered to petitioner during that time were resubmitted for payment, it does not support Family Court’s inclusion of those bills in the purge amount. In addition, the court’s calculation mistakenly includes the amount of $823.78, which was an insurance premium rather than a medical expense. Accordingly, this matter must be remitted to Family Court to redetermine the purge amount and afford respondent a refund or credit if there was an overpayment.
We have considered the parties’ remaining contentions and find them to be unavailing.
Cardona, EJ., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the order entered October 29, 2007 is modified, on the facts, without costs, by reversing so much thereof as determined the purge amount; matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed. Ordered that the order entered October 31, 2007 is affirmed, without costs.