# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**477**

**CA 11-01704**

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF NORTH TONAWANDA FIRST, BY
KATHY KERN, PRESIDENT, PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

CITY OF NORTH TONAWANDA, CITY OF NORTH
TONAWANDA PLANNING COMMISSION, CITY OF NORTH
TONAWANDA COMMON COUNCIL, WAL-MART STORES, INC.,
WAL-MART REAL ESTATE BUSINESS TRUST,
RESPONDENTS-RESPONDENTS,
ET AL., RESPONDENTS.
--------------------------------------------------
DAVID J. SEEGER, APPELLANT.

---

DAVID J. SEEGER, BUFFALO, APPELLANT PRO SE.

THE HOUSH LAW OFFICES, BUFFALO (FRANK HOUSH OF COUNSEL), FOR
PETITIONER-APPELLANT.

SHAWN P. NICKERSON, CITY ATTORNEY, NORTH TONAWANDA, FOR
RESPONDENTS-RESPONDENTS CITY OF NORTH TONAWANDA, CITY OF NORTH
TONAWANDA PLANNING COMMISSION, AND CITY OF NORTH TONAWANDA COMMON
COUNCIL.

MANATT, PHELPS & PHILLIPS, LLP, NEW YORK CITY (KENNETH D. FRIEDMAN OF
COUNSEL), FOR RESPONDENTS-RESPONDENTS WAL-MART STORES, INC. AND WAL-
MART REAL ESTATE BUSINESS TRUST.

---

Appeals from an order of the Supreme Court, Niagara County (Ralph
A. Boniello, III, J.), entered March 7, 2011. The order adjudicated
Catherine A. Kern and her attorney, David J. Seeger, to be in civil
contempt.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, Catherine A. Kern (incorrectly
referenced in the caption as Kathy Kern), and her attorney, David J.
Seeger, appeal separately from an order of Supreme Court holding them
in contempt for failing to comply with court-ordered discovery in aid
of determining sanctions (*see* Judiciary Law § 753 [A] [3]). The
contempt order arises out of litigation involving the development of a
Wal-Mart store in the City of North Tonawanda. Several lawsuits were
filed by a citizens group, of which Kern was the president,

challenging the development.  Respondents moved to dismiss the latest CPLR article 78 petition, and they moved for sanctions against Kern and Seeger for civil contempt pursuant to 22 NYCRR 130-1.1 (a), alleging that the proceeding was frivolous.  Supreme Court reserved on the motion to dismiss and on the motion for sanctions, but permitted respondents to serve written discovery requests regarding the funding of the litigation.  The court eventually dismissed the petition and proceeded with the motion seeking sanctions, permitting limited discovery in connection therewith.  The court stated in its decision permitting discovery that a failure by Kern "to expeditiously comply with such discovery requests may result in a finding of contempt." Kern took an appeal from the order that, inter alia, permitted discovery, but the appeal was dismissed on March 14, 2011 for failure to perfect it.

Subsequently, Seeger sent a letter to the court indicating that petitioner would seek a protective order because the material sought was protected by the First Amendment.  When that motion was finally made, respondents cross-moved for an order to compel discovery.  The court denied the motion for a protective order and granted the cross motion to compel, directing petitioner to comply with the discovery order by December 1, 2010.  Petitioner submitted a response to the discovery order, but the court concluded that the responses of petitioner and Seeger were either insufficient or the answers were "incomplete/vague."  The court then granted respondents' subsequent motion and cross motion seeking to hold Kern and Seeger in contempt, and permitting them to purge the contempt by producing detailed responses to the discovery requests by a specified date.  Kern and Seeger did not purge the contempt, and they now appeal.

Preliminarily, we note that the validity of the underlying discovery order is not at issue here because, as noted, the appeal taken by Kern from that order was dismissed for failure to perfect it. It is well settled that an appeal from a contempt order that is jurisdictionally valid does not bring up for review the prior order (*see Bergin v Peplowski*, 173 AD2d 1012, 1014).  We conclude that the contempt order was jurisdictionally valid and that it was an "unequivocal mandate" to comply with limited discovery in connection with the request for sanctions (*Matter of McCormick v Axelrod*, 59 NY2d 574, 583, *mot to amend granted* 60 NY2d 652).  We have considered the remaining contentions of Kern and Seeger and conclude that they are without merit.

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court