Matter of Forsyth v City of Rochester (2020 NY Slip Op 04250)





Matter of Forsyth v City of Rochester


2020 NY Slip Op 04250


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


179 CA 19-01259

[*1]IN THE MATTER OF THEODORE FORSYTH, PETITIONER-APPELLANT,
v
CITY OF ROCHESTER AND ROCHESTER POLICE DEPARTMENT, RESPONDENTS-RESPONDENTS. (APPEAL NO. 1.) 






ROTH & ROTH LLP, NEW YORK CITY (ELLIOT SHIELDS OF COUNSEL), FOR PETITIONER-APPELLANT. 
TIMOTHY R. CURTIN, CORPORATION COUNSEL, ROCHESTER (STEPHANIE A. PRINCE OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.


 Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered December 18, 2018 in a proceeding pursuant to CPLR article 78. The judgment, among other things, remitted the matter back to respondents for reconsideration of petitioner's Freedom of Information Law Request. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating that part of the judgment permitting respondents to charge petitioner a fee for the cost of reviewing and redacting the requested video footage, and as modified the judgment is affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to comply with his request pursuant to the Freedom of Information Law ([FOIL] Public Officers Law art 6) for certain video footage recorded by respondent Rochester Police Department as part of its Body-Worn Camera (BWC) program. In appeal No. 1, petitioner appeals from a judgment in which Supreme Court concluded that Public Officers Law § 87 did not permit respondents to meet their FOIL obligations by providing a "blanket-blurred" video to petitioner; determined that respondents could charge a fee "directly related to the redaction of electronic records," provided the fee was not onerous; and remitted the matter to respondents for reconsideration, directing respondents to provide a privilege log to petitioner detailing which sections of the video must be redacted and the reason for such redaction. In appeal No. 2, petitioner appeals, as limited by his brief, from an order denying his application, filed within two months of the judgment, seeking, inter alia, to hold respondents in contempt for their failure to comply with the judgment in appeal No. 1.
With respect to appeal No. 1, we agree with petitioner that respondents may not charge petitioner a fee for the costs associated with their review or redaction of the BWC footage requested by petitioner (see Matter of Time Warner Cable News NY1 v New York City Police Dept., 53 Misc 3d 657, 678 [Sup Ct, NY County 2016]). We note that the Committee on Open Government has specifically opined that "if the document exists in electronic format and the agency has the authority and the ability to redact electronically, we believe it would be reasonable for the agency to provide the requested redacted copy at no charge" (Comm on Open Govt FOIL—AO—18904 [2012]). While "the advisory opinions issued by the Committee on Open Government are not binding on the courts . . . , an agency's interpretation of the statutes it administers generally should be upheld if not unreasonable or irrational" (Matter of Weslowski v Vanderhoef, 98 AD3d 1123, 1130 [2d Dept 2012], lv dismissed 20 NY3d 995 [2013] [internal quotation marks omitted]). We therefore modify the judgment by vacating that part of the [*2]judgment permitting respondents to charge petitioner a fee for the cost of reviewing and redacting the requested video footage.
Contrary to petitioner's further contention in appeal No. 1, the court did not err in remitting the matter to respondents to reconsider the request, provide a privilege log, and ultimately comply with its statutory obligations (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 251 [1986]; Matter of Rhino Assets, LLC v New York City Dept. for Aging, SCRIE Programs, 31 AD3d 292, 294 [1st Dept 2006]). In view of the foregoing, petitioner's remaining contentions in appeal No. 1, including whether he is entitled to attorney's fees, are premature at this juncture.
With respect to appeal No. 2, we reject petitioner's contention that the court erred in denying that part of his application seeking a finding of contempt based on respondents' failure to comply with the judgment in appeal No. 1. " In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged with contempt violated a clear and unequivocal mandate of the court, thereby prejudicing the movant's rights . . . The movant has the burden of proving contempt by clear and convincing evidence' " (Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]). Here, petitioner failed to establish that the judgment in appeal No. 1 expressed an unequivocal mandate inasmuch as no deadline was contained therein (see id. at 1382; cf. Matter of North Tonawanda First v City of N. Tonawanda, 94 AD3d 1537, 1538 [4th Dept 2012]).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court