Rpower, LLC v Anb Sys. Supplies, LLC (2024 NY Slip Op 03598)

Rpower, LLC v ANB Sys. Supplies, LLC

2024 NY Slip Op 03598

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

265 CA 23-00909

[*1]RPOWER, LLC, PLAINTIFF-RESPONDENT,
v
ANB SYSTEM SUPPLIES, LLC AND CHRISTOPHER MCGOVERN, DEFENDANTS-APPELLANTS.

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (JAMES C. ROSCETTI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
LAW OFFICE OF KEVIN T. STOCKER, ESQ., P.C., TONAWANDA (KEVIN B. CAMPBELL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered April 26, 2023. The order imposed a fine of $250 per day against defendants for every day that they remained in noncompliance with a prior order. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fine imposed and instead imposing a fine of $250 plus the amount of plaintiff's costs and expenses, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action asserting multiple causes of action, including breach of contract and fraud, and seeking damages of, inter alia, $755,800, which represented the amount of a "reservation fee" that plaintiff had allegedly remitted to defendants in connection with an agreement regarding the purchase of certain equipment. Near the outset of the action, plaintiff moved for, inter alia, an order enjoining defendants from dissipating the $755,800 reservation fee. In June 2022, Supreme Court, among other things, granted plaintiff's motion in part, enjoined defendants from dissipating the reservation fee, and ordered defendants to place the $755,800 in escrow. Defendants failed to place those funds in escrow and plaintiff moved for, inter alia, an order finding defendants in contempt. In an order dated November 29, 2022, the court found defendants in civil contempt but provided them until December 5, 2022 to purge the contempt by placing the funds in escrow. When defendants failed to purge the contempt by that deadline, by order entered April 26, 2023, the court imposed a fine of $250 per day for every day that defendants remained not in compliance with the June 2022 order. Defendants appeal from only the April 26, 2023 order.
By opposing the contempt application on the merits and failing to object that the contempt application failed to contain the notice and warning required by Judiciary Law § 756, defendants waived the protections of that statute (see Matter of Rappaport, 58 NY2d 725, 726 [1982]; Matter of Hensley v Demun, 163 AD3d 1100, 1101 [3d Dept 2018]; Matter of Gregoire v Gregoire, 278 AD2d 925, 925 [4th Dept 2000]; cf. Rennert v Rennert, 192 AD3d 1513, 1514 [4th Dept 2021]).
Defendants' contentions that the June 2022 order should be vacated, that they were not in contempt of the June 2022 order, and that the court erred in failing to hold an evidentiary hearing prior to issuing the November 2022 order finding them in contempt are not properly before us. " '[A]n appeal from a contempt order that is jurisdictionally valid does not bring up for review [a] prior order' " (Burns v Grandjean, 210 AD3d 1467, 1475 [4th Dept 2022]; see Matter of Pritty-Pitcher v Hargis, 221 AD3d 1546, 1546 [4th Dept 2023]; Matter of North Tonawanda First v City of N. Tonawanda, 94 AD3d 1537, 1538 [4th Dept 2012]; St. Regis Mohawk Dev. Corp. v Cook, 181 AD2d 964, 966 [3d Dept 1992]). However " 'misguided and erroneous' " a [*2]party may believe an order to be, the party may not " 'disregard it and decide for [itself] the manner in which to proceed' " (Pritty-Pitcher, 221 AD3d at 1546, quoting Matter of Balter v Regan, 63 NY2d 630, 631 [1984], cert denied 469 US 934 [1984]). Here, defendants appeal from only the April 2023 order, and that appeal does not bring up for review the propriety of the June 2022 order or the finding of contempt in the November 2022 order (see North Tonawanda First, 94 AD3d at 1538; Town of Coeymans v Malphrus, 252 AD2d 874, 874-875 [3d Dept 1998]; see generally Abasciano v Dandrea, 83 AD3d 1542, 1543 [4th Dept 2011]).
We agree with defendants, however, that the court erred in imposing a fine of $250 per day until defendants purged the contempt. "Unlike criminal contempt sanctions which are intended to punish, civil contempt fines are intended to compensate victims for their actual losses" (Matter of Barclays Bank v Hughes, 306 AD2d 406, 407 [2d Dept 2003]; see State of New York v Unique Ideas, 44 NY2d 345, 349 [1978]). Plaintiff did not establish an actual loss or injury as a result of the contempt (see generally Lesnick v Lesnick, 167 AD2d 888, 888 [4th Dept 1990]), and therefore Judiciary Law § 773 authorized the court to impose "a fine . . . not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto." Under these circumstances, the fine of $250 per day until the contempt was purged is not authorized by the statute and improperly sought to punish defendants for their continuing contempt, rather than to compensate plaintiff for an amount of damages suffered (see Matter of Ferrante v Stanford, 172 AD3d 31, 39 [2d Dept 2019]; Barclays Bank, 306 AD2d at 407; Rechberger v Rechberger, 139 AD2d 906, 907 [4th Dept 1988]; Page v Cheung On Mansion, Inc., 138 AD2d 324, 325 [1st Dept 1988]). We therefore modify the order by vacating the fine imposed and instead imposing a fine of $250 plus the amount of plaintiff's costs and expenses, and we remit the matter to Supreme Court for a determination of the reasonable costs and expenses, including attorney's fees, incurred by plaintiff in the contempt proceedings.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court